## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANE P. FUSELIER**<br>*Plaintiff* | **CIVIL ACTION NO.:** |
| **V.** | **JUDGE:** |
| **ARCH INSURANCE COMPANY,**<br>**NESCO, LLC, AND RILEY W.**<br>**SCHIMMELMAN**<br>*Defendants* | **MAG. JUDGE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   Clerk of Court
       United States District Court
       Middle District of Louisiana
       777 Florida Street, Suite 139
       Baton Rouge, Louisiana 70801

NOW INTO COURT, through undersigned counsel, comes Defendants, BBC Electrical Services, Inc. ("BBC Electrical"), Arch Insurance Company ("Arch"), and Riley Schimmelman ("Schimmelman"), who respectfully submit this Notice of Removal of the above-styled matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby gives notice of the removal of this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. As grounds for removal, Defendants state as follows:

## THE REMOVED CASE

1.  This action was originally commenced by Plaintiff, Shane Fuselier, on April 26, 2022, through the filing of a Petition for Damages (the "Original Petition") in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, captioned as *Shane P.*

*Fuselier v. Arch Insurance Company, Nesco, LLC, and Riley W. Schimmelman*, Civil Action No. 719312, Section 31.[1]

2.  In the Original Petition, Plaintiff named Arch, Nesco, LLC ("Nesco"), and Riley Schimmelman ("Schimmelman") as defendants.[2]

3.  Plaintiff's Original Petition was filed on April 26, 2022.[3]

4.  Arch was served with the citation and a copy of the Original Petition through its registered agent for service of process on April 29, 2022.[4]

5.  Arch timely filed an Answer, Affirmative Defenses, and Jury Demand in response to the Original Petition on June 9, 2022.[5]

6.  Nesco was served with the Original Petition on May 5, 2022, but Nesco has not filed any responsive pleadings with the state court.[6]

7.  Schimmelman was served with the Original Petition on August 12, 2022, and Schimmelman timely filed an Answer to the Original Petition on September 26, 2022.[7]

8.  On September 8, 2022, Plaintiff filed a Supplemental and Amended Petition for Damages ("Supplemental Petition"), in which Plaintiff added BBC Electrical Services, Inc. as a new defendant to this lawsuit.[8]

---

[1] *See* generally Exhibit "A" attached hereto, Copies of All Process, Pleadings, and Orders contained in the record of the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge.
[2] *See* Exhibit "A," at Plaintiff's Original Petition at ¶ 1.
[3] *See* Exhibit "A," at Plaintiff's Original Petition at ¶ 1.
[4] *See* Exhibit "A." *See also* Exhibit "B" attached hereto, Louisiana Secretary of State service of process confirmation records for Arch Insurance Company.
[5] *See* Exhibit "A."
[6] *See* Exhibit "A."
[7] *See* Exhibit "A."
[8] *See* Exhibit A at Plaintiff's Supplemental Petition.

9. BBC Electrical was served with the Original Petition and Supplemental Petition on September 22, 2022.[9]

10. As BBC Electrical was the last-served defendant on September 22, 2022, this removal has been timely filed within thirty (30) days of the service on BBC Electrical.[10]

11. On September 12, 2022, Nesco provided written consent to the filing of this Notice of Removal.[11]

12. Arch and Schimmelman have also provided written consent and join in the removal of this action.[12]

13. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders on file with the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in this suit are attached hereto as Exhibit "A."

14. This removal has been timely filed within thirty (30) days of Defendant, BBC Electrical, receiving service of the Original Petition and Supplemental Petition, and within one (1) year after commencement of the action, as allowed by 28 U.S.C. § 1446(b). *See Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Grp., Inc.*, 166 F. Supp. 2d 511, 513 (E.D. La. 2001). *See also Wawrzycki v. Bales*, No. 20-370, 2020 WL 1527914, at *2 (E.D. La. Mar. 31, 2020) (Africk, J.)

---

[9] *See* Exhibit A at Return Copy for Supplemental and Amending Citation on BBC Electrical Services, Inc. dated September 22, 2022. *See also* Exhibit "D", Return Copy for Supplemental and Amending Citation on BBC Electrical Services, Inc. dated September 22, 2022.
[10] 28 U.S.C. § 1446(b)(2)(B). *See also Wawrzycki v. Bales*, No. 20-370, 2020 WL 1527914, at *2 (E.D. La. Mar. 31, 2020) (Africk, J.) (citing *Clark v. L. Walther & Sons of Georgia*, No. 19-11411, 2019 WL 4565498, at *1 n.3 (E.D. La. Sept. 20, 2019) (Feldman, J.)).
[11] *See* Exhibit "F" attached hereto, email correspondence from Adam Haubenreich, General Counsel for Custom Truck One Source, which acquired Nesco shortly after the accident that is the subject matter of this lawsuit.
[12] *See* Exhibit "G" attached hereto, Arch Insurance Company's Notice of Consent to Removal and Riley Schimmelman's Notice of Consent to Removal.

3

(citing *Clark v. L. Walther & Sons of Georgia*, No. 19-11411, 2019 WL 4565498, at *1 n.3 (E.D. La. Sept. 20, 2019) (Feldman, J.)).

15. The United States District Court for the Middle District of Louisiana is the Court embracing the place where this action is pending in state court.[13]

16. This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446.

## PARTIES AND DIVERSITY OF CITIZENSHIP

17. This action is properly removed to this Court pursuant to 28 U.S.C. §1332 and §1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. In the Original Petition, Plaintiff, Shane Fuselier, states that he is a "resident of and domiciled in the Parish of St. Martin, State of Louisiana."[14] For purposes of federal diversity jurisdiction, citizen, and domicile are synonymous.[15] As such, Plaintiff is a citizen of the State of Louisiana for purposes of federal diversity jurisdiction.

19. The Supplemental Petition names Arch, Nesco, Schimmelman, and BBC Electrical as defendants, none of which are citizens of the State of Louisiana.

20. At the time this action was filed and at all times since, Defendant, Arch Insurance Company, was and is an insurance company incorporated under the laws of the State of Missouri with its principal place of business in the State of New Jersey.[16]

---

[13] *See* 28 U.S.C. § 98(a).
[14] *See* Exhibit "A," at Plaintiff's Petition at introductory paragraph that is not numbered.
[15] *See Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972).
[16] *See* Exhibit "A" at Plaintiff's Petition at ¶ 1(1) identifying Arch Insurance Company as a "foreign insurance company." *See also* Exhibit "B", information obtained from the Louisiana Department of Insurance regarding Arch indicating that Arch is domiciled in Missouri with its address in New Jersey.

21. At the time this action was filed and at all times since, Defendant, Nesco, LLC, was and is a limited liability company organized under the laws of the State of Indiana, with its principal place of business in Indiana, and all of the members of the limited liability company are citizens of Indiana.[17]

22. At the time this action was filed and at all times since, Defendant, Riley Schimmelman, was and is domiciled in Fargo, North Dakota.[18] Schimmelman is therefore a citizen of the State of North Dakota.

23. At the time this action was filed and at all times since, Defendant, BBC Electrical, was and is an incorporated company organized under the laws of the State of Kansas, with its principal place of business in Missouri.[19]

24. Accordingly, there exists complete diversity of citizenship between the parties in this action as Plaintiff is a citizen of the State of Louisiana, while Schimmelman is a citizen of North Dakota, Nesco is a citizen of Indiana, BBC Electrical is a citizen of Kansas and Missouri, and Arch is a citizen of Missouri and New Jersey.

**AMOUNT IN CONTROVERSY**

25. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the

---

[17] *See* Exhibit "C" attached hereto, information obtained from the Louisiana Secretary of State regarding Nesco, LLC.
[18] *See* Exhibit "A," at Plaintiff's Service Return stating that service was obtained on him and/or at his domicile and signed for at 1653 2nd Street North, Fargo, North Dakota 58102.
[19] *See* Exhibit "D" attached hereto, information obtained from the Louisiana Secretary of State regarding BBC Electrical Services, Inc.

removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (*quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). *See Luckett v. Delta Airlines, Inc.* 171 F.3d 295, 298 (5th Cir. 1999).

26. Plaintiff does not plead, and Louisiana law does not allow a plaintiff to plead, a specific amount of damages. However, a plaintiff is required to plead whether the claim exceeds or is less than the requisite amount if necessary to "establish the jurisdiction of the court, the right of a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes." La. Code Civ. Proc. Art. 893(A)(1). Here, Plaintiff failed to provide any general allegation to establish the lack of this Court's jurisdiction in his Original Petition and Supplemental Petition.

27. Given the mandatory language of that article, Louisiana federal courts have held that, while not dispositive, "a party's failure to include an article 893 stipulation [in his or her state court pleadings] is worthy of, at least, some consideration in the jurisdictional amount inquiry."[20] Thus, by itself, Plaintiff's failure to include any general allegation in his Original Petition and Supplemental Petition regarding the monetary value of his claim stands as evidence that the amount in controversy exceeded $75,000 at the time of removal.

---

[20] *See, e.g., Raborn v. Con-Way Truckload, Inc.*, No. CIV.A. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)). *See also Neely v. Ashton*, 18-cv-0517, 2018 WL 3422784, *4 (W.D. La. May 31, 2018) ("a plaintiff who wishes to avoid removal may do so by making a pre-removal stipulation that affirmatively renounces the right to accept a judgment in excess of $75,000") (citing *Police Jury Bossier Parish v. Blueford*, 2015 WL 9312017, *3 (W.D. La. 2015)).

6

28.     Additionally, after reviewing Plaintiff's Original Petition, on May 19, 2022, undersigned counsel contacted Plaintiff's counsel to discuss the alleged injuries and amount in controversy. During the telephone conference, Plaintiff's counsel refused to enter into a stipulation that Plaintiff's damages do not exceed $75,000.[21]

29.     On May 23, 2022, undersigned counsel again contacted Plaintiff's counsel requesting copies of the medical records for Plaintiff's treatment, and confirming that Plaintiff refuses to stipulate that his damages do not exceed $75,000.[22] Plaintiff has repeatedly refused to stipulate that Plaintiff's damages are less than $75,000.[23]

30.     Courts have previously held that a plaintiff's rejection of a removing defendant's request for such a stipulation constitutes strong evidence that the true amount in controversy exceeds the amount required for diversity jurisdiction.[24] Thus, Plaintiff's outright refusal to enter the stipulation requested by Defendants in this case stands as further evidence that the amount in controversy here exceeded $75,000 at the time of removal.

31.     In the Original Petition, Plaintiff, Shane Fuselier, alleges that he was involved in an automobile accident that he claims caused injuries to his neck, shoulders, back, arm(s), leg(s), and extremities.[25]

---

[21] *See* Exhibit "E", Affidavit of William P. Worsley at ¶¶ 3-4.
[22] *See* Exhibit "E," Affidavit of William P. Worsley at ¶¶ 3-4.
[23] *See* Exhibit "E," Affidavit of William P. Worsley.
[24] *Taylor v. Cheddar's Casual Café, Inc.*, 15-cv-0570, 2015 WL 3620190, *4 (W.D. La. June 2, 2015) (explaining that "courts have recognized that a plaintiff's refusal to stipulate may constitutes evidence that the amount in controversy is in excess of the requisite amount") (citing *Lee v. Dillon*, 2012 WL 3263882, *3 (W.D. La. 2012); *Broadway v. Wal-Mart Stores, Inc.*, 2000 WL 1560167, *2 (E.D. La. 2000); and *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751, 752 (M.D. La. 1993)). *See also Maxwell v. Lesnick*, 2016 WL 4070239, *3 (W.D. La. June 23, 2016) (citing *Borill v. Centennial Wireless, Inc.*, 872 F. Supp.2d 522, 528 (W.D. La. 2012); *Allen v. Wal-Mart Louisiana, LLC*, CIV. A. 08-132-C, 2008 WL 2220014, at *3 (M.D. La. May 28, 2008)).
[25] *See* Exhibit "A," at Plaintiff's Petition at ¶ 11.

32.    In the Original Petition, Plaintiff claims past, present and future damages for physical pain and suffering, mental pain, anguish and distress, loss of enjoyment of life, loss of income, and medical expenses as well as loss of consortium, impairment, loss of earning capacity, permanent disfigurement, property damage to the 2015 Ford F-350 and the off-road 4x4 vehicle, rental expenses, diminution of value of the 2015 Ford F-350, and loss of use of the Ford F-350.[26]

33.    Defendants have received the attached property damage estimate in the amount of $18,695.90 for damage and repairs to Plaintiff's truck allegedly caused by this accident.[27] In the Original Petition, Plaintiff also claims that he is entitled to penalties and attorney's fees on his property damage claim pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973.

34.    Under Louisiana Revised Statute § 22:1892, there is a potential penalty of 50% on the property damages of the truck, which has an estimate for repairs of $18,695.90.[28] Thus, there is a potential penalty of $9,347.95.

35.    On October 5, 2022, Plaintiff finally produced medical records and expenses regarding his post-accident treatment.[29] Plaintiff's medical bills show charges for medical expenses totaling $14,326.22.[30] The medical records produced by Plaintiff indicate that he has undergone a lumbar MRI that revealed herniated discs at the L4-5 and L5-S1 levels as well as disc bulges at the L1-4 levels. Plaintiff also underwent a cervical MRI that revealed disc bulges at the C3-4 through C7-T1 levels. Plaintiff has undergone a bilateral lumbar epidural steroid injection at the L5-S1 level on or about July 8, 2022, and he claimed all of his symptoms returned three days

---

[26] *See* Exhibit "A," at Plaintiff's Petition at ¶ 12.
[27] *See* Exhibit "H", Supplemental Property Damage Estimate dated August 8, 2022 with total of $18,695.90.
[28] *See* Exhibit H, Appraisal estimate for Plaintiff's truck.
[29] *See* Exhibit "I", Medical Bills and Records attached hereto.
[30] *See* Exhibit I.

after the injection. Plaintiff currently has a recommendation for a repeat lumbar epidural steroid injection at the L5-S1 level as well as three level bilateral diagnostic medial branch block at the L3-S1 levels with a radiofrequency ablation to follow if he receives the appropriate pain response.[31] Based on these newly received medical records with these alleged injuries and treatment, Louisiana cases involving factually similar treatment and alleged injuries as those described in these medical records have obtained verdicts exceeding $75,000.[32]

36. The Fifth Circuit has found the amount in controversy requirement to be satisfied in cases where plaintiffs allege similar injuries and categories of damages in their state court pleadings. In *Gebbia v. Wal-Mart Stores, Inc.*, the plaintiff filed suit in Louisiana state court arising out of a slip and fall incident in the produce section of a Wal-Mart store.[33] In the state court pleading in *Gebbia*, the plaintiff sought damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement."[34] The defendant removed the case and the

---

[31] *See* Exhibit I.
[32] *Hebert v. Boesch*, 2015-1791 (La. App. 1 Cir. 6/3/16), 194 So.3d 798 (trial court judge awarded the plaintiff general damages in the amount of $75,000, and past medical expenses of $15,291, for a thirty-five year old motorist involved in a rear-end accident that had a C6-7 disc bulge and L4-5 disc bulge who treated conservatively with physical therapy and had recommendations for epidural steroid injections in plaintiff's cervical spine); *Peoples v. Fred's Stores of Tenn.*, 2009-1270 (La. App. 3 Cir. 6/2/10), 38 So.3d 1209 (trial court awarded plaintiff generals damages of $85,000 for cervical injury, $25,000 for right wrist injury, past medical expenses of $10,555, and future medical expenses of $20,000, where cervical MRI revealed disc bulge at C3-4 and herniation at C4-5, and plaintiff received 3 injections to cervical area). *See also Webb v. Horton*, 01-978 (La. App. 5 Cir. 2/13/02), 812 So.2d 91 (lowest reasonable general damages award for a non-surgical herniated disc is $50,000; *Rehm v. Morgan*, 04-344 (La. App. 5 Cir. 10/26/04), 885 So.2d 687 (lowest reasonable general damages award for a non-surgical herniated disc is $50,000); *Sanchez v. Dubac*, 12-526 (La. App. 5 Cir. 2/21/13), 110 So.3d 1140 (lowest reasonable general damages award for a non-surgical herniated disc is $50,000).
[33] 233 F.3d 880, 881 (5th Cir. 2000).
[34] *Id*.

9

plaintiff moved for remand.[35] In support of her remand motion, the plaintiff attached an executed stipulation indicating that the amount in controversy did not exceed $75,000.[36] Nonetheless, the court denied the plaintiff's motion for remand based on its finding that the nature of the damages alleged in her state court pleading made it facially apparent that the value of her claim likely exceeded $75,000.[37] On appeal, the Fifth Circuit affirmed that ruling based on the nature of the injuries alleged and damages sought in the plaintiff's state court pleading.[38]

37. While Defendants herein admit no liability, nor any element of damages, and expressly deny same, in light of the allegations by Plaintiff, his refusal to stipulate that his damages do not exceed $75,000, the property damage estimate, and the medical records and bills, it appears that Plaintiff is alleging injuries, damages, and penalties that, if true, which Defendants vehemently deny, places an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

38. Here, the evidence supporting the amount in controversy is even stronger than *Gebbia* as Plaintiff has repeatedly refused to enter into a stipulation that his damages do not exceed $75,000.[39] Plaintiff has finally produced medical records and bills that show the medical charges totaling $14,326.22, and the Louisiana cases involving similar injuries and treatment as discussed in the medical records have awarded general damages in excess of $75,000.

39. Furthermore, in addition to the general and special damages claimed by Plaintiff in the Original Petition, he is also seeking penalties and attorney's fees pursuant to Louisiana Revised

---

[35] *See id.*
[36] *Id.* at 882.
[37] *Id.*
[38] *Id.* at 883.
[39] *See* Exhibit "E," Affidavit of William P. Worsley.

10

Statutes §§ 22:1892 and 22:1973 for the property damage to his truck.[40]  The property damage is currently estimated at $18,695.90, which means there is a potential penalty under Louisiana Revised Statutes § 22:1892 in the amount of $9,347.95.

40. The Fifth Circuit has held that a claim for attorney's fees is a part of the amount in controversy if the fees are provided for by contract or state law.[41]  If fees are available and prayed for, the court may include a reasonable estimate of a fee award when assessing the amount in controversy.[42]

41. Therefore, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441, and this civil action is one in which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds $75,000 exclusive of interest and costs.

## VENUE

42. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Honorable Court, as the United States District Court for the Middle District of Louisiana is the court embracing the place where the state action is pending.  *See* 28 U.S.C. § 98(c).

## NOTICE OF REMOVAL

43. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal is being filed with the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, and Plaintiff is being provided a copy of this Notice of Removal as set forth in the attached Certificate of Service.

---

[40] *See* Exhibit "A," at Plaintiff's Petition at ¶¶ 13-14.
[41] *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990).
[42] *Wright Family Investments, LLC v. Jordan Carriers, Inc.*, 2012 WL 2457664, *4 (W.D. La. 2012).

44. Additionally, Defendants have filed, contemporaneously with this Notice, a Civil Cover Sheet and Disclosure Statement in compliance with Rule 7.1 of the Federal Rules of Civil Procedure.

45. Under Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that they have read the foregoing Notice of Removal, that to the best of their knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not intended for any improper purpose.

46. By filing this Notice of Removal, Defendants do not waive and hereby reserve all defenses and objections to the Original Petition and Supplemental Petition, including, but not limited to, lack of personal jurisdiction, improper venue, improper service, insufficiency of process, and any others factual or legal defenses that are or may become available.

47. Defendants reserve the right to amend or supplement this Notice of Removal.

## **JURY DEMAND**

48. Defendants request a trial by jury on all issues raised in Plaintiff's Original Petition and Supplemental Petition.

WHEREFORE, Defendants, BBC Electrical Services, Inc., Riley Schimmelman, and Arch Insurance Company, pursuant to 28 U.S.C. §§ 1332 and 1441(a) and in conformance with the requirements set forth in 28 U.S.C. § 1446, prays that the matter styled as *Shane P. Fuselier v. Arch Insurance Company, Nesco, LLC, and Riley W. Schimmelman*, pending as Civil Action No. 719312, Section 31, from the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, be removed to the United States District Court for the Middle District of Louisiana on this 7th day of October, 2022.

Respectfully Submitted,

/s/ *William P. Worsley*
ROBERT I. SIEGEL (#12063)
WILLIAM P. WORSLEY (#36092)
**GIEGER, LABORDE & LAPEROUSE, LLC**
Suite 4800- One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile:     (504) 561-1011
E-mail: rsiegel@glllaw.com
E-mail: wworsley@glllaw.com
*Attorneys for BBC Electrical Services, Inc., Arch Insurance Company, and Riley W. Schimmelman*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via facsimile, electronic means, and/or U.S. Mail, postage prepaid and properly addressed, this 7th day of October, 2022.

/s/ *William P. Worsley*
WILLIAM P. WORSLEY