EAST BATON ROUGE PARISH
Filed Apr 28, 2022 2:05 PM
Deputy Clerk of Court

C-718312
31

| | |
|---|---|
| SHANE P. FUSELIER | : 19TH JUDICIAL DISTRICT COURT |
| VERSUS | : DOCKET NO.:_____ |
| ARCH INSURANCE COMPANY, NESCO, LLC and RILEY W SCHIMMELMAN | : EAST BATON ROUGE PARISH, LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **SHANE P. FUSELIER,** who is the full age of majority, resident of and domiciled in the Parish of St. Martin, State of Louisiana, respectfully represents as follows, to-wit:

1.

Made defendants herein are:

1. **ARCH INSURANCE COMPANY,** a foreign insurance company licensed to do and/or doing business in the State of Louisiana who may be served through its agent for service of process Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809;

2. **NESCO, LLC,** a foreign Limited Liability Company licensed to do and/or doing business in the State of Louisiana who may be served through their agent for service of process CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816; and

3. **RILEY W. SCHIMMELMAN,** a person of the full age of majority and resident of the County of Grand Forks, City of Grand Forks, State of North Dakota, who can be served through the Louisiana Long Arm Statute at 1823 2nd Avenue N, Grand Forks, North Dakota, 58203.

2.

Defendant, **ARCH INSURANCE COMPANY, NESCO, LLC** and **RILEY W. SCHIMMELMAN** are liable unto plaintiff severally, jointly, and *in solido* for the full sum of the amount of damages reasonable in the premises to be proven at the trial on the merits, plus interest from the date of judicial demand until paid, and for all costs of these proceedings and all general and equitable relief that plaintiff is entitled to for the following to-wit:

3.

On or about September 4, 2021, plaintiff, **SHANE P. FUSELIER,** was the owner of a 2015 Ford F 350 (erroneously described in Uniform Motor Vehicle Traffic Crash Report number 21-0809082 as a Ford "F 150"), hereinafter referred to as **"FUSELIER Vehicle."** The **"FUSELIER Vehicle"** was pulling a 2006 MCLA Flatbed Trailer hauling an off-road 4X4 vehicle while traveling eastbound on Interstate 10, in East Baton Rouge Parish, Louisiana.

*Myrikle Rosette*

Certified True and Correct Copy
CertID: 2022042700532

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/27/2022 10:34 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EXHIBIT A

4.

At or about that same time, **RILEY W. SCHIMMELMAN** was the permitted operator of a 2015 Ford Truck owned by **NESCO, LLC**, hereinafter referred to as the **"NESCO Vehicle"**, also traveling eastbound on Interstate 10, in East Baton Rouge Parish, Louisiana.

5.

Traffic on Interstate 10 East slowed down and the **NESCO Vehicle** rear-ended the trailer of the **FUSILIER Vehicle.**

6.

A legal cause of the collision sued on herein was the negligence of defendant, **RILEY W. SCHIMMELMAN**, which negligence consisted more particularly of the following:

    a)    Following too closely, in violation of La. R.S. 32:81;

    b)    Failure to be attentive and/or observe surrounding traffic;

    c)    Driving vehicle in an unsafe, reckless and dangerous manner;

    d)    Failure to yield;

    e)    Failure to keep vehicle under proper control;

    f)    Failure to see what should have been seen; and

    g)    Failure to stop.

7.

A legal cause of the collision sued on herein was the negligence of defendant, **NESCO, LLC**, of which negligence consisted more particularly of the following:

    a)  Negligently entrusting their vehicle to an unskilled driver;

    b)  Failure to supervise those operating their vehicle; and

    c)  Negligent hiring, training and/or supervision.

8.

On or about September 4, 2021, at the time of the accident sued upon herein, plaintiff alleges upon information and belief that there was in full force and effect, one or more policies of public motor vehicle liability insurance issued by **ARCH INSURANCE COMPANY** to and/or in favor of **NESCO, LLC** and/or **RILEY W. SCHIMMELMAN** which policy(s) afford(s) coverage for the liability of the nature asserted herein, and which insurance inures to the benefit of plaintiff under the provisions of the Louisiana Direct Action Statute, La. R.S. 22:1269, thereby entitling plaintiff



*Myrihli Rosette*

**Certified True and Correct Copy**
CertID: 2022042700532

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/27/2022 10:34 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

to maintain this direct action against said defendant insurer and thereby rendering said defendant insurer liable *in solido*, with defendants, **NESCO, LLC** and/or **RILEY W. SCHIMMELMAN**, for damages as sued for herein.

9.

The collision of September 4, 2021, is inexplicable without resort to the presumption of negligence and the applicability of the doctrine of *res ipsa loquitur* in view of the fact that the vehicle being operated by **RILEY W. SCHIMMELMAN**, struck the vehicle driven by **SHANE P. FUSELIER**, and therefore failed to obey the traffic ordinances of the State of Louisiana, which presumptions and doctrine are specifically invoked by plaintiff herein.

10.

Upon information and belief, it is alleged that at the time of the accident, **RILEY W. SCHIMMELMAN**, was acting in the course and scope of his employment with his employer, **NESCO, LLC.** Accordingly, under the doctrine of *respondeat superior*, **RILEY W. SCHIMMELMAN's** employer, **NESCO, LLC**, is vicariously liable for the negligent acts of **RILEY W. SCHIMMELMAN.** Said doctrine is specifically invoked by Plaintiff herein.

11.

As a result of the collision on September 4, 2021, sued herein, plaintiff **SHANE P. FUSELIER**, suffered damages including:

    a)    Injuries to the neck and shoulders;

    b)    Injuries to the back;

    c)    Injuries to **SHANE P. FUSELIER's** arm(s), leg(s) and extremities; and

    d)    Sprained and strained muscles, tendons and ligaments of the body.

12.

Accordingly, PLAINTIFF itemizes recoverable damages as follows:

    a)    Physical pain and suffering past, present and future;

    b)    Mental pain, anguish and distress past, present and future;

    c)    Loss of enjoyment of life past, present and future;

    d)    Loss of consortium, household services and society;

    e)    Impairment;

    f)    Loss of income past, present and future;

    g)    Loss of earning capacity;

*Myriklh Rosette*



**Certified True and Correct Copy**
CertID: 2022042700532

East Baton Rouge Parish
Deputy Clerk of Court

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

h)   Permanent disfigurement;

i)   Medical expenses past, present and future;

j)   Property Damage to the 2015 Ford F-350;

k)   Property Damage to the off-road 4X4 vehicle;

l)   Rental expenses;

m)   Diminution of value of the 2015 Ford F-350, and

n)   Loss of use of the 2015 Ford F-350.

13.

**FURTHER,** despite submission of satisfactory proof of loss, **ARCH INSURANCE COMPANY,** has arbitrarily, capriciously, and in bath faith, failed to properly evaluate and tender sums to Plaintiff for property damages, which could not reasonably be in dispute. Specifically, **ARCH INSURANCE COMPANY** had information in its possession that showed that the sole cause of the accident was the actions of **RILEY W. SCHIMMELMAN**. **ARCH INSURANCE COMPANY** also possessed the estimate for the repair of the **FUSELIER Vehicle**. Despite possession of said information, **ARCH INSURANCE COMPANY** has not, as of the date of the filing of this Petition, paid reasonable expenses for the repair of the **FUSELIER Vehicle** or the loss of use expenses incurred while the **FUSELIER Vehicle** has been out of service.

14.

Accordingly, in addition to general, special, and exemplary damages as previously pled for, **ARCH INSURANCE COMPANY,** is liable unto Plaintiff for bad faith damages in accordance with LSA-R.S. 22:1973 and LSA-R.S. 22:1892, including any and all damages available thereunder.

15.

Plaintiff alleges that defendant, **ARCH INSURANCE COMPANY,** has had due proof of damages and ample notice of the full extent of damages sustained by Plaintiff, **SHANE P. FUSELIER,** therefore entitling Plaintiff to judgment in his favor and against defendant, **ARCH INSURANCE COMPANY,** in its capacity as liability automobile carrier for all damages incurred as a result of the above referenced September 4, 2021 accident; for all penalties and attorney fees allowed by Louisiana law for bad faith and/or arbitrary and capricious handling of a claim; and for legal interest from date of judicial demand and all costs of these proceedings.

*Myrihli Rosette*

**Certified True and Correct Copy**
CertID: 2022042700532

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/27/2022 10:34 AM

16.

Petitioner's cause of action exceeds the jury threshold of $10,000.00, exclusive of interest and cost.

WHEREFORE, Plaintiff prays that Defendant be duly served with a copy of the Petition for Damages, and after all legal delays and due proceedings had there be Judgment in favor of SHANE P. FUSELIER and against Defendants, ARCH INSURANCE COMPANY, NESCO, LLC and RILEY W. SCHIMMELMAN, jointly, severely, and in solido for compensatory damages and special damages in an amount that will adequately satisfy the demands of justice, together will legal interest thereon from the date of judicial demand until paid. And for all costs of these proceedings and for any other relief to which Plaintiff is entitled under law and evidence.

Respectfully Submitted:

LABORDE EARLES LAW FIRM, LLC.

PATRICK DUFFEY, (Bar # 38962)
*Email: service@onmyside.com*
NICHOLAS R. ROCKFORTE, (Bar# 31305)
SCOTT F. HIGGINS, (Bar# 26924)
MARY K. CRYAR (Bar#24062)
WESLEY K. ELMER, Bar# 23724
WILL MONTZ, (Bar#29355)
1901 Kaliste Saloom Road (70508)
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone: (337) 261-2617
Fax: (337) 261-1934
Attorneys for Plaintiff, **Shane P. Fuselier**
*** For all non-service-related emails/correspondence please
use the following e-mail address:** pduffey@onmyside.com*

**PLEASE SERVE:**

**ARCH INSURANCE COMPANY,**
through its agent for service of process:
Louisiana Secretary of State
8585 Archives Ave
Baton Rouge, Louisiana 70809

**NESCO, LLC**
through their agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**RILEY W. SCHIMMELMAN**
*through the Louisiana Long Arm Statute*
1823 2nd Avenue N
Grand Forks, North Dakota 58203

*Myrikle Rosette*



Certified True and
Correct Copy
CertID: 2022042700532

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/27/2022 10:34 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EAST BATON ROUGE PARISH
Filed Apr 26, 2022 2:05 PM
Deputy Clerk of Court

C-718312
31

SHANE P. FUSELIER : 19ᵀᴴ JUDICIAL DISTRICT COURT

VERSUS : DOCKET NO.:_____

ARCH INSURANCE COMPANY : EAST BATON ROUGE PARISH, LOUISIANA

---

## REQUEST FOR NOTICE

---

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are hereby requested to give him written notice, by mail, ten (10) days in advance of the date fixed for trial of this case, whether on exceptions, rules or the merits thereof.

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are also requested to send us immediate notice of any order of judgment made or rendered in this case, upon entry of such order of judgment.

Respectfully Submitted:

LABORDE EARLES LAW FIRM, LLC.

PATRICK DUFFEY, (Bar # 38962)
Email: service@onmyside.com
NICHOLAS R. ROCKFORTE, (Bar# 31305)
SCOTT F. HIGGINS, (Bar# 26924)
MARY K. CRYAR (Bar#24062)
WESLEY K. ELMER, Bar# 23724
WILL MONTZ, (Bar#29355)
1901 Kaliste Saloom Road (70508)
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone: (337) 261-2617
Fax: (337) 261-1934
Attorneys for Plaintiff, Shane P. Fuselier
** For all non-service-related emails/correspondence please use the following e-mail address: pduffey@onmyside.com

*Myrikh Rosette*

Certified True and
Correct Copy
CertID: 2022042700533

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
4/27/2022 10:34 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

SS151-A

R. KYLE ARDOIN
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125

FIRST CLASS

Baton Rouge PNDC 708
MON 02 MAY 2022 PM

US POSTAGE PITNEY BOWES
ZIP 70802
02 4W
0000382748
$ 005.51°
MAY 02 2022

7021 1970 0000 4775 8772





# Notice of Service of Process

**KN4 / ALL**
**Transmittal Number: 24864044**
**Date Processed: 05/03/2022**

| | |
|---|---|
| **Primary Contact:** | Regan Shulman<br>Arch Insurance Group, Inc.<br>Harborside 3, 210 Hudson St<br>Ste 300<br>Jersey City, NJ 07311 |
| **Electronic copy provided to:** | Barbie Low<br>Candace Beboe<br>Kelvin Bolton<br>Francine Petrosino<br>Melissa Gilligan<br>Christine Antoszczak<br>Seema Misra<br>Joe Hornik |

| | |
|---|---|
| **Entity:** | Arch Insurance Company<br>Entity ID Number  2654070 |
| **Entity Served:** | Arch Insurance Company |
| **Title of Action:** | Shane P. Fuselier vs. Arch Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | East Baton Rouge Parish District Court, LA |
| **Case/Reference No:** | C-718312 31 |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 05/03/2022 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | Secretary Of State |
| **How Served:** | Certified Mail |
| Sender Information: | Laborde Earles Law Firm, LLC<br>337-261-2617 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# State of Louisiana
# Secretary of State

05/02/2022

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

ARCH INSURANCE COMPANY
C/O REGAN SHULMAN, VP & DEPUTY GENERAL COUNSEL
C/O CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802-5921

Suit No.: 718312
19TH JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH

SHANE P. FUSELIER
vs
ARCH INSURANCE COMPANY, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: M. LOCKWOOD

Date: 04/29/2022
Title: DEPUTY SHERIFF

No: 1233496

KC

**SERVICE COPY**



**D8935165**

# CITATION

| | |
|---|---|
| **SHANE P. FUSELIER**<br>(Plaintiff) | **NUMBER C-718312  "31"** |
| | **19TH JUDICIAL DISTRICT COURT** |
| **VS** | |
| | **PARISH OF EAST BATON ROUGE** |
| **ARCH INSURANCE COMPANY, ET AL**<br>(Defendant) | **STATE OF LOUISIANA** |

**SERVED ON**
**R. KYLE ARDOIN**

**TO:    ARCH INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS:**
**.  LOUISIANA SECRETARY OF STATE**

APR 2 9 2022

SECRETARY OF STATE
COMMERCIAL DIVISION

GREETINGS:

      Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may been been asserted against you.

      Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:

1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

      If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court. This citation was issued by the Clerk of Court for East Baton Rouge Parish on **APRIL 27, 2022.**



*Myriehl Rosette*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: DUFFEY, PATRICK**
*The following documents are attached:
**PETITION FOR DAMAGES, REQUEST FOR NOTICE, INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS**

| SERVICE INFORMATION: |
|---|

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of
_____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**     After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

RECEIVED
APR 2 8 2022
E B R SHERIFF'S OFFICE

# RETURN COPY



**D8935181**

## CITATION

| | |
|---|---|
| **SHANE P. FUSELIER** (Plaintiff) | **NUMBER C-718312  "31"** |
| | **19TH JUDICIAL DISTRICT COURT** |
| **VS** | |
| | **PARISH OF EAST BATON ROUGE** |
| **ARCH INSURANCE COMPANY, ET AL** (Defendant) | **STATE OF LOUISIANA** |

**TO:    NESCO, LLC**
**THROUGH THEIR AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE,  LA 70816**

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
3. **21 DAYS** of the date you were served with the petition; **OR**
4. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **APRIL 27, 2022.**



*Myrihli Rosette*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: DUFFEY, PATRICK**
*The following documents are attached:
**PETITION FOR DAMAGES, REQUEST FOR NOTICE, INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

I made service on the named party through the

| | |
|---|---|
| SERVICE:$_____ | CT Corporation |
| MILEAGE$_____ | |
| TOTAL:  $_____ | **MAY 0 5 2022** |
| | by tendering a copy of this document to |
| _____ Deputy Sheriff Parish of East Baton Rouge | Ashley Minvielle |
| **CITATION-2000** | |

_DY. M. LOCKWOOD #0803_
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

1901 Kaliste Saloom Rd. (70508)
P.O. Box 80098 (70598-0098)
Lafayette, Louisiana



Phone (337) 261-2617
(800) 522-6733
Fax (337) 261-1934

# LABORDE EARLES
## —— INJURY LAWYERS ——

*DIRECT DIAL: (337) 408-1496*
*AMENARD@ONMYSIDE.COM*

July 25, 2022

Honorable Doug Welborn
Clerk of Court, East Baton Rouge Parish
PO Box 1991
Baton Rouge, LA 70821-1991

  **Re:**   **Shane Fuselier v. Arch Insurance Company, et al**
  **Dk:**   **C-718312 "31"/19th JDC**

Dear Honorable Clerk:

Upon trying to serve the Defendant, Riley W. Schimmelman, via Louisiana Long Arm Statute with the original Citation issued, the Certified Mail, Return Receipt Requested parcel was returned by the USPS as "Unable to Forward/Attempted Not Known." Therefore, please re-issue the Citation, Certified True and Correct Copies of the Petition for Damages, Request for Notice, Interrogatories and Request for Production of Documents to be served via Louisiana Long Arm Statute to Riley W. Schimmelman, 1653 2nd Street North, Fargo, ND 58102.

I have enclosed our firm's check in the amount of $100.00 to cover the costs of same.

Should you have any questions or need anything further, please contact me at (337) 408-1496.

With warmest regards, I remain

Sincerely,

**LABORDE EARLES LAW FIRM, LLC**

Amy M. Menard, Litigation Paralegal to
Patrick Duffey, Attorney at Law

/amm
Enclosures

1901 Kaliste Saloom Rd. (70508)
P.O. Box 80098 (70598-0098)
Lafayette, Louisiana

Phone (337) 261-2617
(800) 522-6733
Fax (337) 261-1934



# LABORDE EARLES
## —— INJURY LAWYERS ——

*DIRECT DIAL: (337) 362-2767*
*BEN@ONMYSIDE.COM*

September 21, 2022

East Baton Rouge Parish Clerk of Court
**Attention:  Civil Filing**
Post Office Box 1991
Baton Rouge, LA  70821

      **Re:**    ***Shane P. Fuselier v. Arch Insurance Company, et al***
              **19th J.D.C., Docket No. C-718312, Sec. 31**
              **East Baton Rouge Parish, Louisiana**

Dear Madam/Sir:

      Enclosed please find the original and one (1) copy of a Service Return submitted for filing on behalf of the Plaintiff, Shane Fuselier, with regard to the above mentioned matter.  Please file the original into the court's record and return a filed-stamped copy to us for our records.

      Also enclosed is our firm check in the amount of $35.00 to cover the costs associated with filing.

      Should you have any questions regarding the above or the enclosed, please do not hesitate to contact our office.

      With warmest regards, I remain

              Sincerely,

              **LABORDE EARLES LAW FIRM, LLC**

              **M. BENJAMIN ALEXANDER**

MBA/dkf
Enclosures

SHANE P. FUSELIER                        * 19TH JUDICIAL DISTRICT COURT

VERSUS                                   * DOCKET NUMBER: C-718312 "31"

ARCH INSURANCE COMPANY,                  * PARISH OF EAST BATON ROUGE
RILEY W SCHIMMELMAN,
NESCO, LLC and BBC                       * STATE OF LOUISIANA
ELECTRICAL SERVICES, INC.

---

## SERVICE RETURN

NOW INTO COURT comes Petitioner, **SHANE P. FUSELIER,** who respectfully

submits the following service return as prima facia evidence of service of the Defendant,

**RILEY SCHIMMELMAN,** as follows:

1.

On August 5, 2022, Petitioner mailed via Long Arm Statute, LSA- R.S.13:3201, the

Petition for Damages to Defendant, **RILEY SCHIMMELMAN,** in order to execute

service. (Exhibit "A").

2.

On August 12, 2022, service was obtained on him and/or at his domicile and signed

for at 1653 2nd Street North, Fargo, North Dakota 58102. (Exhibit "B", executed green

card signed by a representative of **RILEY SCHIMMELMAN**).

Respectfully Submitted,

**LABORDE EARLES LAW FIRM, LLC**

By: _M. _____

**M. BENJAMIN ALEXANDER (Bar#29065)**
*Email: service@onmyside.com*
**SCOTT F. HIGGINS (Bar#26924)**
**MARY K. CRYAR (Bar#24062)**
**NICHOLAS R. ROCKFORTE (Bar#31305)**
**WESLEY K. ELMER (Bar#23724)**
**WILL MONTZ (Bar#29355)**
1901 Kaliste Saloom Road
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone:    337-261-2617
Fax:      337-261-1934
***Attorneys for Plaintiff, Shane Fuselier***
**For all non-service related communication,*
*Please direct to Ben@onmyside.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has this day been forwarded to all known counsel of record by facsimile, electronic mail and/or depositing a copy of same in the United States Mail, postage prepaid and properly addressed on this _21_ day of September, 2022.

M. BENJAMIN ALEXANDER

1901 Kaliste Saloom Rd. (70508)
P.O. Box 80098 (70598-0098)
Lafayette, Louisiana

Phone (337) 261-2617
(800) 522-6733
Fax (337) 261-1934



# LABORDE EARLES
## — INJURY LAWYERS —

*DIRECT DIAL: (337) 408-1496*
*AMENARD@ONMYSIDE.COM*

August 5, 2022

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
**9490 9112 9837 0827 4854 08**

Riley W. Schimmelman
*Through the Louisiana Long Arm Statute*
1653 2nd Street North
Fargo, ND 58102

      **Re:**     ***Shane Fuselier v. Arch Insurance Company, et al***
                 **Docket No.: C-718312, Division "C"**
                 **19th Judicial District Court, East Baton Rouge Parish, Louisiana**

Dear Sir or Madame:

      In accordance with LSA-R.S. 13:3201, et seq., I enclose a certified copy of the Petition for Damages, Request for Notice, Interrogatories, and Request for Production of Documents filed in the above-referenced litigation along with the attached court-issued Citation directed to Riley W. Schimmelman which I serve upon you pursuant to the Louisiana Long Arm Statue. You should obtain representation immediately in order to protect your interests.

      Please be advised that pursuant to La. C.C.P. art 1001 you have thirty (30) days in which to file responsive pleadings and discovery after which adverse action may be brought against you.

      With kind regards, I remain

                 Sincerely,

                 **LABORDE EARLES LAW FIRM, LLC**

                 **Amy M. Menard, Litigation Paralegal for**
                 **Patrick Duffey, Attorney at Law**

/amm
Enclosures

> **EXHIBIT**
>
> A



U.S. Postal Service
Certified Mail Receipt

**OUTBOUND TRACKING NUMBER**
9414 7112 9837 0927 4854 28

**RETURN RECEIPT TRACKING NUMBER**
9490 9112 9837 0927 4854 08

**ARTICLE ADDRESS TO:**

RILEY W. SCHIMMELMAN
Through the Louisiana Long Arm Statute
1653 2ND ST N
FARGO ND 58102-2325

**FEES**

| | |
|---|---|
| Postage per piece | $1.920 |
| Certified Fee | $4.000 |
| Return Receipt Fee | $3.250 |
| **Total Postage & Fees:** | $9.170 |

Postmark
Here

AUG 0 5 2022
LAFAYETTE LA 70503

**CERTIFIED MAIL**

# VOID

PS Form 3800 6/02

**A**

**Certified Mail**
WITHOUT Physical Return
Receipt Service

*(No Return Receipt Card)*
**Instructions**

1. Apply this label to the TOP EDGE of the mailpiece.
2. Apply address label below to the CENTER of the mailpiece.
3. Peel the Certified Mail label below and fold it over your envelope, just above the postage so that it covers the existing Certified Mail marking.

**Delivery Address**
when used with **A**
or Return Address
when used with **B**

stamps.com

**T** Top of the page

U.S. Postal Service

OUTBOUND TRACKING NUMBER
9414 7112 9837 0827 4854 28

RETURN RECEIPT TRACKING NUMBER
9490 9112 9837 0827 4854 08

FEES
Postage per piece       $1.920
Certified Fee           $4.000
Return Receipt Fee      $3.250
Total Postage & Fees:   $9.170

ARTICLE ADDRESS TO:

RILEY W. SCHIMMELMAN
Through the Louisiana Long Arm Statute
1653 2ND ST N
FARGO ND 58102-2325

Postmark
Here

**CERTIFIED MAIL**

**CERTIFIED MAIL**

**CERTIFIED MAIL**

**B**

**Certified Mail**
WITH Physical Return
Receipt Service

*(Uses Return Receipt Card)*
**Instructions**

1. Apply address label above to the back of this card.
2. Apply this card to the TOP EDGE of the mailpiece.
3. Peel the Certified Mail label above and fold it over your envelope, just above the postage so that it covers the existing Certified Mail marking.

**SENDER: COMPLETE THIS SECTION**

■ Ensure items 1, 2, and 3 are completed.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
RILEY W. SCHIMMELMAN
Through the Louisiana Long Arm Statute
1653 2ND ST N
FARGO ND 58102-2325

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( □ Addressee or □ Agent)
X

B. Received By: (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

3. Service Type
☑ Certified Mail®

$9.170
US POSTAGE
FIRST-CLASS
FROM 70508
08/05/2022
stamps
endicia



9414 7112 9837 0827 4854 28

RILEY W. SCHIMMELMAN
Through the Louisiana Long Arm Statute
1653 2ND ST N
FARGO ND 58102-2325



9490 9112 9837 0827 4854 08

2. Article Number (Transfer from service label)
9414 7112 9837 0827 4854 28

Covered by and/or for use with U.S. Patents 6244,765; 6,005,406; 7,314,170; 7,366,562; 7,395,972; 6,622,249; 6,671,813; 6,682,206; 6,353,025; 6,169,887; 6,141,654; 6,153,570; 6,192,970; 6,188,951; 6,152,950; 6,041,341

stamps.com

★ LSP Laser Form ★



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3 are completed.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RILEY W. SCHIMMELMAN
Through the Louisiana Long Arm Statute
1553 2ND ST N
FARGO ND 58102-2325

9490 8112 9837 0827 4854 08

2. Article Number (Transfer from service label)
9414 7112 8237 0827 4854 28

PS Form 3811 Facsimile, July 2015 (SDC 3830)

COMPLETE THIS SECTION ON DELIVERY

A. Signature: ( ☐ Addressee or ☐ Agent)
X

B. Received By (Printed Name)      C. Date of Deliv

D. Is delivery address different from Item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☑ Certified Mail®

Domestic Return Rec



EXHIBIT
B

# USPS Tracking®

FAQs >

**Track Another Package +**

**Tracking Number:** 9414711298370827485428    Remove X

Your item was delivered to an individual at the address at 10:44 am on August 12, 2022 in FARGO, ND 58102.

USPS Tracking Plus® Available ∨

## ⊘ Delivered, Left with Individual
August 12, 2022 at 10:44 am
FARGO, ND 58102

Feedback

**Text & Email Updates** ∧

**Tracking History** ∧

August 12, 2022, 10:44 am
Delivered, Left with Individual
FARGO, ND 58102
Your item was delivered to an individual at the address at 10:44 am on August 12, 2022 in FARGO, ND 58102.

August 11, 2022, 10:54 am
Notice Left (No Authorized Recipient Available)
FARGO, ND 58102

**August 9, 2022, 12:41 pm**
Prepared for Redelivery
FARGO, ND 58102

**August 9, 2022, 4:17 am**
Available for Redelivery or Pickup
FARGO, ND 58102

**August 8, 2022**
Redelivery Scheduled
FARGO, ND 58102

**August 8, 2022, 10:58 am**
Notice Left (No Authorized Recipient Available)
FARGO, ND 58102

**August 8, 2022, 6:10 am**
Out for Delivery
FARGO, ND 58102

**August 8, 2022, 5:47 am**
Arrived at Post Office
FARGO, ND 58102

**August 7, 2022, 1:16 am**
Departed USPS Regional Destination Facility
WEST FARGO NETWORK DISTRIBUTION CENTER

**August 6, 2022, 10:11 pm**
Arrived at USPS Regional Destination Facility
WEST FARGO NETWORK DISTRIBUTION CENTER

**August 6, 2022, 12:05 am**
Departed USPS Regional Origin Facility
BATON ROUGE LA PROCESSING CENTER

**August 5, 2022, 9:52 pm**
Arrived at USPS Regional Origin Facility
BATON ROUGE LA PROCESSING CENTER

Feedback

August 5, 2022, 8:37 pm
Accepted at USPS Origin Facility
LAFAYETTE, LA 70508

August 4, 2022, 4:34 pm
Shipping Label Created, USPS Awaiting Item
LAFAYETTE, LA 70508

---

**USPS Tracking Plus®**                                                    ⌄

**Product Information**                                                    ⌄

---

**See Less** ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

EAST BATON ROUGE PARISH  **C-718312**
Filed Jun 09, 2022 8:22 AM
Deputy Clerk of Court
E-File Received Jun 08, 2022 10:40 AM

Case 3:22-cv-00724-BAJ-EWD    Document 1-1    10/07/22    Page 23 of 66

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO. C-718312                          DIVISION: C

SHANE P. FUSELIER

VERSUS

ARCH INSURANCE COMPANY, NESCO, LLC and RILEY W. SCHIMMELMAN

FILED:_____        _____
                                                DEPUTY CLERK

**ARCH INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S PETITION FOR DAMAGES, REQUEST FOR NOTICE,
AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Arch Insurance

Company ("Arch"), which files this Answer, Affirmative Defenses, Jury Demand, and Request

for Notice in response to the Petition for Damages ("Petition") filed by Plaintiff, Shane Fuselier,

and respectfully avers as follows:

I.

The allegations in Paragraph 1 (1) of the Petition contain legal conclusions to which no

response is required. To the extent Paragraph 1 (1) of the Petition contains any factual allegations,

they are denied, except to admit that Arch is a foreign insurance company licensed in the State of

Louisiana.

II.

The allegations contained in Paragraph 1 (2) of the Petition are not directed at Arch, and

thus, do not require a response from Arch. However, out of an abundance of caution, the

allegations in Paragraph 1 (2) of the Petition are denied for lack of sufficient information to justify

a belief therein.

III.

The allegations in Paragraph 1 (3) of the Petition are not directed at Arch, and thus, do not

require a response from Arch. However, out of an abundance of caution, the allegations in

Paragraph 1 (3) of the Petition are denied for lack of sufficient information to justify a belief

therein.

IV.

The allegations in Paragraph 2 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 2 of the Petition contains any factual allegations, they are denied.

V.

The allegations in Paragraph 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations in Paragraph 4 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 4 of the Petition contains any factual allegations, they are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations in Paragraph 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations in Paragraph 6 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 6 of the Petition, including all subparts thereto, contains any factual allegations, they are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations in Paragraph 7 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 7 of the Petition, including all subparts thereto, contains any factual allegations, they are denied.

X.

The allegations in Paragraph 8 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 8 of the Petition contains any factual allegations, they are denied for lack of sufficient information to justify a belief therein, except to admit that Arch Insurance Company issued a policy of insurance to BBC Electrical Services, Inc., bearing Policy No. ZACAT9266201, effective September 1, 2021 to September 1, 2022 (the "Policy").

The Arch Policy is a written document and is therefore the best evidence of its contents, terms, conditions, provisions, exclusions, limitations, and limits of liability, all of which are plead as if copied herein *in extenso*. Arch further avers that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the terms of said policies/contracts/obligations is expressly denied herein.

XI.

The allegations in Paragraph 9 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 9 of the Petition contains any factual allegations, they are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations in Paragraph 10 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 10 of the Petition contains any factual allegations, they are denied.

XIII.

The allegations in Paragraph 11 of the Petition, including all subparts thereto, are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations in Paragraph 12 of the Petition, including all subparts thereto, are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations in Paragraph 13 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 13 of the Petition contains any factual allegations, they are denied, and Arch avers that it fully and timely compensated Plaintiff for all undisputed amounts.

XVI.

The allegations in Paragraph 14 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 14 of the Petition contains any factual allegations, they are denied.

## XVII.

The allegations in Paragraph 15 contain legal conclusions to which no response is required. To the extent Paragraph 15 of the Petition contains any factual allegations, they are denied, and Arch avers that it fully and timely compensated Plaintiff for all undisputed amounts.

## XVIII.

The allegations in Paragraph 16 of the Petition do not require a response from Arch. Nonetheless, to the extent the Court deems that a response is necessary, Arch denies the allegations in Paragraph 16 of the Petition for lack of sufficient information to justify a belief therein.

## XIX.

The Prayer for Relief contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## XX.

Further pleading, out of an abundance of caution, Arch denies any unnumbered allegations contained in the preamble, prayer for relief, or in any other parts of the Petition.

### AFFIRMATIVE DEFENSES

**AND NOW, FOR FURTHER ANSWER,** Arch provides the following affirmative defenses to Plaintiff's Petition:

### FIRST DEFENSE

Plaintiff's Petition fails to state a cause or right of action.

### SECOND DEFENSE

Plaintiff's alleged injuries, if any, were caused or contributed to by the fault, negligence, statutory violations, or intentional acts of third parties for whom Defendant is not legally responsible and that said acts and/or omissions constitute negligence, which was the sole proximate cause of the matters made the basis of the Petition, and that such negligence or fault operates as a bar or, alternatively, diminishes, reduces, or offsets Plaintiff's potential recovery from Defendant, if any, in accordance with the principles of comparative fault.

### THIRD DEFENSE

Plaintiff's alleged injuries, if any, were caused or occasioned in whole or in part by the fault of the Plaintiff, including but not limited to, his own actions, misconduct, neglect, or

4

inattention to duty, and any recovery by the Plaintiff should be reduced in accordance with his percentage of fault.

## FOURTH DEFENSE

Plaintiff's alleged injuries, if any, were caused or occasioned by intervening and/or superseding causes for which Defendant is not responsible.

## FIFTH DEFENSE

Even if Plaintiff sustained any injuries as alleged, which is denied, those injuries were caused by pre-existing and/or subsequent injury, conditions, ailments, or natural process for which Defendant is in no way liable.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff failed to mitigate, minimize, or avoid damages or losses, as alleged in the Petition.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff has already been compensated for his alleged damages or loss.

## EIGHTH DEFENSE

Defendant avers that the accident, which forms the basis of Plaintiff's lawsuit, was caused by a sudden emergency, which could not have been reasonably anticipated under the circumstances and was not the fault of Defendant.

## NINTH DEFENSE

Defendant avers that Plaintiff had the last clear chance to avoid the accident sued upon herein, which serves to bar, diminish, and/or mitigate Plaintiff's recovery against Defendant.

## TENTH DEFENSE

Defendant affirmatively pleads that Plaintiff is not entitled to recover the first FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS of bodily injury or the first TWENTY-FIVE THOUSAND DOLLARS AND NO/100 ($25,000.00) of property damages on any judgment in this suit in their favor pursuant to LSA-R.S. 32:866 (A) for failure to own or maintain compulsory motor vehicle liability security at the time of the incident sued upon.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of accord and satisfaction.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of compensation or "setoff" under La. C.C. arts. 1893, *et seq*.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by prescription, preemption, waiver, and/or laches.

## FOURTEENTH DEFENSE

Plaintiff is legally barred from recovering any amount greater than that actually paid for medical expenses, and accordingly, his medical costs, if any, must be reduced to the extent of any credit and/or write off granted to him, whether granted by healthcare provider, Medicare, Medicaid, CMS, workers' compensation, attorney negotiated discount, or otherwise. *See Simmons v. Cornerstone Investments, LLC*, 18-0735, 2019 WL 2041377 (La. 5/8/19), 282 So.3d 199; *Hoffman v. 21st Century North American Ins. Co.*, 2014-2279 (La. 10/2/15); 209 So.3d 702.

## FIFTEENTH DEFENSE

Arch Insurance Company issued the Policy to BBC Electrical Services, Inc., effective from September 1, 2021 to September 1, 2022, bearing Policy No. ZACAT9266201, which is a written document and is the best evidence of its terms, conditions, provisions, exclusions, limitations, and limits of liability, which are plead as if copied herein *in extenso*.

## SIXTEENTH DEFENSE

Arch asserts that it has made every effort to adjust this claim in good faith and in compliance with the provisions of the Policy and applicable law, including but not limited to Louisiana Revised Statutes §§ 22:1892 and 22:1973. As a result, Defendant, Arch, asserts that it has satisfied all of its obligations under the Policy and the law and has no liability for damages in contract or tort, and no liability for bad faith, statutory or other penalties, or other punitive damages.

## SEVENTEENTH DEFENSE

Arch asserts that at all times it acted in good faith and in compliance with Louisiana law, including Louisiana Revised Statutes §§ 22:1892 and 22:1973.

## EIGHTEENTH DEFENSE

Arch asserts that the Plaintiff's claims are barred, either in whole or in part, to the extent he failed to submit satisfactory proof of loss pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973 or otherwise comply with, trigger, or facilitate the statutory provisions; furthermore, these named statutes may be in violation of the Louisiana and U.S. Constitutions to the extent they may require imposition of penalties on damages that are the subject of a good faith dispute.

## NINETEENTH DEFENSE

Arch asserts that Plaintiff has failed to submit satisfactory proof of loss because there is a reasonable and legitimate dispute as to the cause and extent of the alleged damages that are the subject matter of these proceedings.

## TWENTIETH DEFENSE

Arch has acted in good faith and fair dealing in its handling of Plaintiff's claim. Arch has fairly and promptly investigated and adjusted Plaintiff's claim. Accordingly, Plaintiff is not entitled to any damages or penalties under Louisiana Revised Statutes §§ 22:1892 and 22:1973.

## TWENTY-FIRST DEFENSE

Arch's actions in connection with Plaintiff's claim were not arbitrary, capricious, or without probable cause. Accordingly, Plaintiffs are not entitled to any damages or penalties under Louisiana Revised Statutes §§ 22:1892 and 22:1973.

## TWENTY- SECOND DEFENSE

Defendant reserves the right to offer additional defenses not included in this pleading or which cannot now be articulated due to the Plaintiff's failure to particularize his claims. Defendant reserves the right to assert additional defenses upon further particularization of Plaintiff's claims and/or further discovery concerning the nature of those claims.

## TWENTY-THIRD DEFENSE

Defendant further gives notice that it intends to rely on any and all defenses that may be available to it under the applicable law, and reserves the right to specifically identify those defenses

7

at the time when they become obvious and available to it; and, further Defendant reserves the right to amend and/or supplement the foregoing answer, including rights to assert further affirmative defenses not included in this pleading.

## JURY DEMAND

Without in any way admitting that they are responsible for Plaintiff's alleged damages, if any, Defendant prays for a trial by jury of all issues of fact herein or in any subsequent supplemental and/or amended petition(s) filed by Plaintiff.

## REQUEST FOR NOTICE

Defendant further request that written notice be issued by the Clerk of Court of the date of trial under Louisiana Code of Civil Procedure article 1572 and written notice of interlocutory orders or judgments pursuant to Louisiana Code of Civil Procedure articles 1913 and 1914.

**WHEREFORE**, Defendant, Arch Insurance Company, prays that this Answer, Affirmative Defenses, Jury Demand, and Request for Notice be deemed good and sufficient and, after due proceeding are had, that there be Judgment herein in favor of Arch, dismissing Plaintiff's claims at Plaintiff's sole cost and for all costs of these proceedings to which Defendant may show itself justly entitled in law or equity, and for all such general and equitable relief as the nature of the case permits.

Respectfully submitted,

ROBERT I. SIEGEL (#12063)
WILLIAM P. WORSLEY (#36092)
**GIEGER, LABORDE & LAPEROUSE, LLC**
Suite 4800- One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
E-mail: rsiegel@glllaw.com
E-mail: wworsley@glllaw.com
*Attorneys for Arch Insurance Company*

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon via email and/or facsimile and/or by depositing same in the United States mail, postage prepaid and properly addressed this 8th day of June, 2022.

WILLIAM P. WORSLEY

EAST BATON ROUGE PARISH
Filed Sep 26, 2022 11:06 AM
Deputy Clerk of Court
E-File Received Sep 26, 2022 8:45 AM

C-718312

Case 3:22-cv-00724-BAJ-EWD   Document 1-1   10/07/22   Page 32 of 66

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO. C-718312                                          DIVISION: C

SHANE P. FUSELIER

VERSUS

ARCH INSURANCE COMPANY, NESCO, LLC and RILEY W. SCHIMMELMAN

FILED:_____          _____
                                        DEPUTY CLERK

**RILEY SCHIMMELMAN'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S PETITION FOR DAMAGES, REQUEST FOR NOTICE,
AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Riley

Schimmelman ("Defendant" or "Schimmelman"), who files this Answer, Affirmative Defenses,

Jury Demand, and Request for Notice in response to the Petition for Damages ("Petition") filed

by Plaintiff, Shane Fuselier, and respectfully avers as follows:

I.

The allegations in Paragraph 1 (1) of the Petition are not directed at Schimmelman, and

thus, do not require a response from Schimmelman. However, out of an abundance of caution,

they are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 1 (2) of the Petition are not directed at

Schimmelman, and thus, does not require a response from Schimmelman. However, out of an

abundance of caution, the allegations in Paragraph 1 (2) of the Petition are denied for lack of

sufficient information to justify a belief therein.

III.

In response to the allegations in Paragraph 1 (3) of the Petition, Schimmelman admits that

he is a person of the full age of majority, but Schimmelman denies that he is a resident of Grand

Forks, North Dakota. Schimmelman is a resident of the County of Cass, City of Fargo, State of

North Dakota. Any remaining allegations are denied for lack of sufficient information to justify a

belief therein.

IV.

The allegations in Paragraph 2 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 2 of the Petition contains any factual allegations, they are denied.

V.

The allegations in Paragraph 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations in Paragraph 4 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 4 of the Petition contains any factual allegations, they are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations in Paragraph 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations in Paragraph 6 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 6 of the Petition, including all subparts thereto, contains any factual allegations, they are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations in Paragraph 7 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 7 of the Petition, including all subparts thereto, contains any factual allegations, they are denied.

X.

The allegations in Paragraph 8 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 8 of the Petition contains any factual allegations, they are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations in Paragraph 9 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 9 of the Petition contains any factual allegations, they are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations in Paragraph 10 of the Petition contain legal conclusions to which no response is required. To the extent Paragraph 10 of the Petition contains any factual allegations, they are denied.

XIII.

The allegations in Paragraph 11 of the Petition, including all subparts thereto, are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations in Paragraph 12 of the Petition, including all subparts thereto, are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations in Paragraph 13 of the Petition are not directed at Schimmelman, and thus, do not require a response from Schimmelman. However, out of an abundance of caution, the allegations in Paragraph 13 of the Petition are denied.

XVI.

The allegations in Paragraph 14 of the Petition are not directed at Schimmelman, and thus, do not require a response from Schimmelman. However, out of an abundance of caution, the allegations in Paragraph 14 of the Petition are denied.

XVII.

The allegations in Paragraph 15 of the Petition are not directed at Schimmelman, and thus, do not require a response from Schimmelman. However, out of an abundance of caution, the allegations in Paragraph 15 of the Petition are denied.

XVIII.

The allegations in Paragraph 16 of the Petition do not require a response from Schimmelman. Nonetheless, to the extent the Court deems that a response is necessary,

3

Schimmelman denies the allegations in Paragraph 16 of the Petition for lack of sufficient information to justify a belief therein.

## XIX.

The Prayer for Relief contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## XX.

Further pleading, out of an abundance of caution, Schimmelman denies any unnumbered allegations contained in the preamble, prayer for relief, or in any other parts of the Petition.

## AFFIRMATIVE DEFENSES

**AND NOW, FOR FURTHER ANSWER,** Schimmelman provides the following affirmative defenses to Plaintiff's Petition:

## FIRST DEFENSE

Plaintiff's Petition fails to state a cause or right of action.

## SECOND DEFENSE

Plaintiff's alleged injuries, if any, were caused or contributed to by the fault, negligence, statutory violations, or intentional acts of third parties for whom Defendant is not legally responsible and that said acts and/or omissions constitute negligence, which was the sole proximate cause of the matters made the basis of the Petition, and that such negligence or fault operates as a bar or, alternatively, diminishes, reduces, or offsets Plaintiff's potential recovery from Defendant, if any, in accordance with the principles of comparative fault.

## THIRD DEFENSE

Plaintiff's alleged injuries, if any, were caused or occasioned in whole or in part by the fault of the Plaintiff, including but not limited to, his own actions, misconduct, neglect, or inattention to duty, and any recovery by the Plaintiff should be reduced in accordance with his percentage of fault.

## FOURTH DEFENSE

Plaintiff's alleged injuries, if any, were caused or occasioned by intervening and/or superseding causes for which Defendant is not responsible.

4

## FIFTH DEFENSE

Even if Plaintiff sustained any injuries as alleged, which is denied, those injuries were caused by pre-existing and/or subsequent injury, conditions, ailments, or natural process for which Defendant is in no way liable.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff failed to mitigate, minimize, or avoid damages or losses, as alleged in the Petition.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff has already been compensated for his alleged damages or loss.

## EIGHTH DEFENSE

Defendant avers that the accident, which forms the basis of Plaintiff's lawsuit, was caused by a sudden emergency, which could not have been reasonably anticipated under the circumstances and was not the fault of Defendant.

## NINTH DEFENSE

Defendant avers that Plaintiff had the last clear chance to avoid the accident sued upon herein, which serves to bar, diminish, and/or mitigate Plaintiff's recovery against Defendant.

## TENTH DEFENSE

Defendant affirmatively pleads that Plaintiff is not entitled to recover the first FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS of bodily injury or the first TWENTY-FIVE THOUSAND DOLLARS AND NO/100 ($25,000.00) of property damages on any judgment in this suit in their favor pursuant to LSA-R.S. 32:866 (A) for failure to own or maintain compulsory motor vehicle liability security at the time of the incident sued upon.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of accord and satisfaction.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of compensation or "setoff" under La. C.C. arts. 1893, *et seq.*

5

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by prescription, preemption, waiver, and/or laches.

## FOURTEENTH DEFENSE

Plaintiff is legally barred from recovering any amount greater than that actually paid for medical expenses, and accordingly, his medical costs, if any, must be reduced to the extent of any credit and/or write off granted to him, whether granted by healthcare provider, Medicare, Medicaid, CMS, workers' compensation, attorney negotiated discount, or otherwise. *See Simmons v. Cornerstone Investments, LLC*, 18-0735, 2019 WL 2041377 (La. 5/8/19), 282 So.3d 199; *Hoffman v. 21st Century North American Ins. Co.*, 2014-2279 (La. 10/2/15); 209 So.3d 702.

## FIFTEENTH DEFENSE

Arch Insurance Company issued the Policy to BBC Electrical Services, Inc., effective from September 1, 2021 to September 1, 2022, bearing Policy No. ZACAT9266201, which is a written document and is the best evidence of its terms, conditions, provisions, exclusions, limitations, and limits of liability, which are plead as if copied herein *in extenso*.

## SIXTEENTH DEFENSE

Defendant reserves the right to offer additional defenses not included in this pleading or which cannot now be articulated due to the Plaintiff's failure to particularize his claims. Defendant reserves the right to assert additional defenses upon further particularization of Plaintiff's claims and/or further discovery concerning the nature of those claims.

## SEVENTEENTH DEFENSE

Defendant further gives notice that it intends to rely on any and all defenses that may be available to it under the applicable law, and reserves the right to specifically identify those defenses at the time when they become obvious and available to it; and, further Defendant reserves the right to amend and/or supplement the foregoing answer, including rights to assert further affirmative defenses not included in this pleading.

## JURY DEMAND

Without in any way admitting that they are responsible for Plaintiff's alleged damages, if any, Defendant prays for a trial by jury of all issues of fact herein or in any subsequent supplemental and/or amended petition(s) filed by Plaintiff.

## REQUEST FOR NOTICE

Defendant further request that written notice be issued by the Clerk of Court of the date of trial under Louisiana Code of Civil Procedure article 1572 and written notice of interlocutory orders or judgments pursuant to Louisiana Code of Civil Procedure articles 1913 and 1914.

**WHEREFORE**, Defendant, Riley Schimmelman, prays that this Answer, Affirmative Defenses, Jury Demand, and Request for Notice be deemed good and sufficient and, after due proceeding are had, that there be Judgment herein in favor of Riley Schimmelman, dismissing Plaintiff's claims at Plaintiff's sole cost and for all costs of these proceedings to which Defendant may show itself justly entitled in law or equity, and for all such general and equitable relief as the nature of the case permits.

Respectfully submitted,

ROBERT I. SIEGEL (#12063)
WILLIAM P. WORSLEY (#36092)
**GIEGER, LABORDE & LAPEROUSE, LLC**
Suite 4800- One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile:  (504) 561-1011
E-mail: rsiegel@glllaw.com
E-mail: wworsley@glllaw.com
*Attorneys for Arch Insurance Company and Riley Schimmelman*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon via email and/or facsimile and/or by depositing same in the United States mail, postage prepaid and properly addressed this 26th day of September, 2022.

WILLIAM P. WORSLEY

7

1901 Kaliste Saloom Rd. (70508)
P.O. Box 80098 (70598-0098)
Lafayette, Louisiana

Phone (337) 261-2617
(800) 522-6733
Fax (337) 261-1934



## LABORDE EARLES
### INJURY LAWYERS

*DIRECT DIAL: (504) 285-8002*
*PDUFFEY@ONMYSIDE.COM*

September 02, 2022

Honorable Doug Welborn
Clerk of Court, East Baton Rouge Parish
PO Box 1991
Baton Rouge, LA 70821-1991

**Re:**     **Civil Docket No.: C-718312 "31"/19ᵗʰ JDC**
            **Shane Fuselier v. Arch Insurance Company, et al**
            **East Baton Rouge Parish, State of Louisiana**

Dear Honorable Clerk:

Enclosed please find the original and five (5) copies of Plaintiff's ***Unopposed Motion and Order to File First Supplemental and Amended Petition for Damages*** with regard to the above captioned matter. Please file the original into the record, return a date-filed, stamped copy to me in envelope provided for my file, and serve the defendants.

I have enclosed our firm's check in the amount of $520.00 to cover filing fees.

Should you have any questions regarding the above or the enclosed, please do not hesitate to contact our office.

With warmest regards, I remain

Sincerely,

**LABORDE EARLES LAW FIRM, LLC**

Patrick Duffey

KPD/yl
Enclosure

SHANE P. FUSELIER        : 19TH JUDICIAL DISTRICT COURT

VERSUS        : DOCKET NO.: C-718312 "31"

ARCH INSURANCE COMPANY,    : EAST BATON ROUGE PARISH, LOUISIANA
NESCO, LLC and
RILEY W SCHIMMELMAN

---

### UNOPPOSED MOTION AND ORDER FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

---

1.

NOW INTO COURT, through undersigned counsel, comes plaintiff, **SHANE P. FUSELIER,** who respectfully moves to supplement and amend the Petition for Damages to add **BBC ELECTRICAL SERVICES, INC,** as Defendants in this matter. Undersigned counsel has conferred with the attorneys for each party currently in the case who advise they have no objection to this amendment. As a result, Plaintiff prays accordingly:

*Respectfully Submitted*:

**LABORDE EARLES LAW FIRM, L.L.C.**

BY: _____

**PATRICK DUFFEY, (Bar # 38962)**
1901 Kaliste Saloom Road (70508)
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone (337) 261-2617
Fax (337) 261-1934

### CERTIFICATE

I hereby certify that a copy of the aforementioned pleadings was served on all counsel of record via U.S. Mail, postage prepaid and properly addressed on this 2nd day of September, 2022, in Lafayette, Lafayette Parish, Louisiana.

_____
**PATRICK DUFFEY**

SHANE P. FUSELIER        : 19TH JUDICIAL DISTRICT COURT

VERSUS        : DOCKET NO.: C-718312 "31"

ARCH INSURANCE COMPANY,     : EAST BATON ROUGE PARISH, LOUISIANA
NESCO, LLC and
RILEY W SCHIMMELMAN

---

## ORDER

    IT IS HEREBY ORDERED, DECREED, AND ADJUDGED that the Plaintiff is hereby granted leave of Court to file her First Supplemental and Amended Petition for Damages.

    THUS DONE AND SIGNED on this ___ day of _____, 2022, in Baton Rouge, East Baton Rouge Parish, Louisiana.

_____
    JUDGE, 19th, JUDICIAL DISTRICT COURT

SHANE P. FUSELIER     : **19ᵀᴴ JUDICIAL DISTRICT COURT**

**VERSUS**        : **DOCKET NO.: C-718312 "31"**

**ARCH INSURANCE COMPANY,**  : **EAST BATON ROUGE PARISH, LOUISIANA**
**NESCO, LLC and**
**RILEY W SCHIMMELMAN**

---

    NOW INTO COURT, through undersigned counsel, comes Plaintiff, **SHANE P.**

**FUSELIER,** who wishes to supplement and amend their original Petition for Damages as follows:

I.

    To amend the caption of the case to read as follows:

**SHANE P. FUSELIER**    : **19ᵀᴴ JUDICIAL DISTRICT COURT**

**VERSUS**        : **DOCKET NO.: C-718312 "31"**

**ARCH INSURANCE COMPANY,**  : **EAST BATON ROUGE PARISH, LOUISIANA**
**RILEY W SCHIMMELMAN,**
**NESCO, LLC AND BBC ELECTRICAL**
**SERVICESC, INC.**

II.

    Plaintiffs hereby amends Paragraph 1, of the Petition for Damages to read as follows:

1.

Made defendants herein are

1.   **ARCH INSURANCE COMPANY,** a foreign insurance company licensed to do and/or doing business in the State of Louisiana who may be served through its agent for service of process Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809;

2.   **NESCO, LLC,** a foreign Limited Liability Company licensed to do and/or doing business in the State of Louisiana who may be served through their agent for service of process CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816;

3.   **RILEY W. SCHIMMELMAN,** a person of the full age of majority and resident of the County of Grand Forks, City of Grand Forks, State of North Dakota, who can be served through the Louisiana Long Arm Statute at 1823 2ⁿᵈ Avenue N, Grand Forks, North Dakota, 58203; and

4.   **BBC ELECTRICAL SERVICES, INC.,** a foreign corporation authorized to do and doing business in the State of Louisiana having appointed as its registered agent for service of process National Registered Agents, Inc, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

Page 3 of 9

III.

Plaintiff hereby amends Paragraph 2 of the Petition for Damages, which shall state as follows:

2.

Defendant, **ARCH INSURANCE COMPANY, NESCO, LLC., RILEY W. SCHIMMELMAN and BBC ELECTRICAL SERVICES, INC.,** are liable unto plaintiff severally, jointly, and *in solido* for the full sum of the amount of damages reasonable in the premises to be proven at the trial on the merits, plus interest from the date of judicial demand until paid, and for all costs of these proceedings and for all general and equitable relief that plaintiff is entitled to for the following to-wit:

3.

On or about September 4, 2021, plaintiff, **SHANE P. FUSELIER**, was the owner of a 2015 Ford F 350 (erroneously described in Uniform Motor Vehicle Traffic Crash Report number 21-0809082 as a Ford "F 150"), hereinafter referred to as **"FUSELIER Vehicle."** The **"FUSELIER Vehicle"** was pulling a 2006 MCLA Flatbed Trailer hauling an off-road 4X4 vehicle while traveling eastbound on Interstate 10, in East Baton Rouge Parish, Louisiana.

IV.

Plaintiff hereby amends Paragraph 4 of the Petition for Damages, which shall state as follows:

4.

At or about that same time, **RILEY W. SCHIMMELMAN** was the permitted operator of a 2015 Ford Truck owned by **NESCO, LLC,** and/or **BBC ELECTRICAL SERVICES, INC.,** hereinafter referred to as the **"NESCO** and/or **BBC ELECTRICAL Vehicle",** also traveling eastbound on Interstate 10, in East Baton Rouge Parish, Louisiana.

V.

Plaintiff hereby amends Paragraph 5 of the Petition for Damages, which shall state as follows:

5.

Traffic on Interstate 10 East slowed down and the **NESCO Vehicle** and/or **BBC ELECTRICAL SERVICES, INC.,** rear-ended the trailer of the **FUSILIER Vehicle.**

6.

A legal cause of the collision sued on herein was the negligence of defendant, **RILEY W. SCHIMMELMAN**, which negligence consisted more particularly of the following:

a)      Following too closely, in violation of La. R.S. 32:81;

b)      Failure to be attentive and/or observe surrounding traffic;

c)      Driving vehicle in an unsafe, reckless and dangerous manner;

d)      Failure to yield;

e)      Failure to keep vehicle under proper control;

f)      Failure to see what should have been seen; and

g)      Failure to stop.

VI.

Plaintiff hereby amends Paragraph 7 of the Petition for Damages, which shall state as follows:

7.

A legal cause of the collision sued on herein was the negligence of defendant, **NESCO, LLC**, and/or **BBC ELECTRICAL SERVICES, INC** of which negligence consisted more particularly of the following:

a)  Negligently entrusting their vehicle to an unskilled driver;

b)  Failure to supervise those operating their vehicle; and

c)  Negligent hiring, training and/or supervision.

VII.

Plaintiff hereby amends Paragraph 8 of the Petition for Damages, which shall state as follows:

8.

On or about September 4, 2021, at the time of the accident sued upon herein, plaintiff alleges upon information and belief that there was in full force and effect, one or more policies of public motor vehicle liability insurance issued by **ARCH INSURANCE COMPANY** to and/or in favor of **NESCO, LLC** and/or **RILEY W. SCHIMMELMAN** which policy(s) afford(s) coverage for the liability of the nature asserted herein, and which insurance inures to the benefit of plaintiff under the provisions of the Louisiana Direct Action Statute, La. R.S. 22:1269, thereby entitling plaintiff to

maintain this direct action against said defendant insurer and thereby rendering said defendant insurer liable *in solido*, with defendants, **NESCO, LLC.,** and/or **BBC ELECTRICAL SERVICES, INC.,** and/or **RILEY W. SCHIMMELMAN**, for damages as sued for herein.

9.

The collision of September 4, 2021, is inexplicable without resort to the presumption of negligence and the applicability of the doctrine of *res ipsa loquitur* in view of the fact that the vehicle being operated by **RILEY W. SCHIMMELMAN**, struck the vehicle driven by **SHANE P. FUSELIER**, and therefore failed to obey the traffic ordinances of the State of Louisiana, which presumptions and doctrine are specifically invoked by plaintiff herein.

VIII.

Plaintiff hereby amends Paragraph 10 of the Petition for Damages, which shall state as follows:

10.

Upon information and belief, it is alleged that at the time of the accident, **RILEY W. SCHIMMELMAN,** was acting in the course and scope of his employment with his employer, **NESCO, LLC.,** and/or **BBC ELECTRICAL SERVICES, INC.,** Accordingly, under the doctrine of *respondeat superior*, **RILEY W. SCHIMMELMAN's** employer, **NESCO, LLC,** and/or **BBC ELECTRICAL SERVICES, INC.,** are vicariously liable for the negligent acts of **RILEY W. SCHIMMELMAN**. Said doctrine is specifically invoked by Plaintiff herein.

11.

As a result of the collision on September 4, 2021, sued herein, plaintiff **SHANE P. FUSELIER,** suffered damages including:

    a)      Injuries to the neck and shoulders;

    b)      Injuries to the back;

    c)      Injuries to **SHANE P. FUSELIER's** arm(s), leg(s) and extremities; and

    d)      Sprained and strained muscles, tendons and ligaments of the body.

12.

Accordingly, PLAINTIFF itemizes recoverable damages as follows:

    a)      Physical pain and suffering past, present and future;

    b)      Mental pain, anguish and distress past, present and future;

c)    Loss of enjoyment of life past, present and future;

d)    Loss of consortium, household services and society;

e)    Impairment;

f)    Loss of income past, present and future;

g)    Loss of earning capacity;

h)    Permanent disfigurement;

i)    Medical expenses past, present and future;

j)    Property Damage to the 2015 Ford F-350;

k)    Property Damage to the off-road 4X4 vehicle;

l)    Rental expenses;

m)    Diminution of value of the 2015 Ford F-350, and

n)    Loss of use of the 2015 Ford F-350.

13.

**FURTHER,** despite submission of satisfactory proof of loss, **ARCH INSURANCE COMPANY,** has arbitrarily, capriciously, and in bath faith, failed to properly evaluate and tender sums to Plaintiff for property damages, which could not reasonably be in dispute. Specifically, **ARCH INSURANCE COMPANY** had information in its possession that showed that the sole cause of the accident was the actions of **RILEY W. SCHIMMELMAN. ARCH INSURANCE COMPANY** also possessed the estimate for the repair of the **FUSELIER Vehicle**. Despite possession of said information, **ARCH INSURANCE COMPANY** has not, as of the date of the filing of this Petition, paid reasonable expenses for the repair of the **FUSELIER Vehicle** or the loss of use expenses incurred while the **FUSELIER Vehicle** has been out of service.

14.

Accordingly, in addition to general, special, and exemplary damages as previously pled for, **ARCH INSURANCE COMPANY,** is liable unto Plaintiff for bad faith damages in accordance with LSA-R.S. 22:1973 and LSA-R.S. 22:1892, including any and all damages available thereunder.

15.

Plaintiff alleges that defendant, **ARCH INSURANCE COMPANY,** has had due proof of damages and ample notice of the full extent of damages sustained by Plaintiff, **SHANE P. FUSELIER,** therefore entitling Plaintiff to judgment in his favor and against defendant, **ARCH INSURANCE COMPANY,** in its capacity as liability automobile carrier for all damages incurred

as a result of the above referenced September 4, 2021 accident; for all penalties and attorney fees allowed by Louisiana law for bad faith and/or arbitrary and capricious handling of a claim; and for legal interest from date of judicial demand and all costs of these proceedings.

16.

Petitioner's cause of action exceeds the jury threshold of $10,000.00, exclusive of interest and cost.

IX.

Plaintiff re-avers and re-alleges all other claims, causes of action and contentions previously plead as if copied herein *in extenso*.

X.

Plaintiff hereby amends the Prayer of the Petition for Damages, which shall read as follows:

**WHEREFORE**, Plaintiff prays that Defendant be duly served with a copy of the Petition for Damages, and after all legal delays and due proceedings had there be Judgment in favor of **SHANE P. FUSELIER** and against Defendants, **ARCH INSURANCE COMPANY, NESCO, LLC., BBC ELECTRICAL SERVICES, INC.**, and **RILEY W. SCHIMMELMAN,** jointly, severely, and in solido for compensatory damages and special damages in an amount that will adequately satisfy the demands of justice, together will legal interest thereon from the date of judicial demand until paid. And for all costs of these proceedings and for any other relief to which Plaintiff is entitled under law and evidence.

Respectfully Submitted:

**LABORDE EARLES LAW FIRM, LLC.**

**PATRICK DUFFEY, (Bar # 38962)**
*Email: service@onmyside.com*
**NICHOLAS R. ROCKFORTE, (Bar# 31305)**
**SCOTT F. HIGGINS, (Bar# 26924)**
**MARY K. CRYAR (Bar#24062)**
**WESLEY K. ELMER, Bar# 23724**
**WILL MONTZ, (Bar#29355)**
1901 Kaliste Saloom Road (70508)
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone: (337) 261-2617
Fax: (337) 261-1934
Attorneys for Plaintiff, **Shane P. Fuselier**
*** For all non-service-related emails/correspondence please use
the following e-mail address:* pduffey@onmyside.com

**PLEASE SERVE WITH SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES:**

**BBC ELECTRICAL SERVICES, INC.,**
Who may be served through it's registered agent
National Registered Agents, Inc,
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816.

**NESCO, LLC**
through their agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**RILEY W. SCHIMMELMAN**
*through the Louisiana Long Arm Statute*
1823 2nd Avenue N
Grand Forks, North Dakota 58203

**ARCH INSURANCE COMPANY,**
through its agent for service of process:
Louisiana Secretary of State
8585 Archives Ave
Baton Rouge, Louisiana 70809



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Regan Shulman<br>Arch Insurance Group, Inc.<br>Harborside 3, 210 Hudson St<br>Ste 300<br>Jersey City, NJ 07311 |
| **Electronic copy provided to:** | Barbie Low<br>Candace Beboe<br>Charlene Cox<br>Kelvin Bolton<br>Francine Petrosino<br>Melissa Gilligan<br>Christine Antoszczak<br>Seema Misra<br>Joe Hornik |

| | |
|---|---|
| **Entity:** | Arch Insurance Company<br>Entity ID Number 2654070 |
| **Entity Served:** | Arch Insurance Company |
| **Title of Action:** | Shane P. Fuselier vs. Arch Insurance Company |
| **Matter Name/ID:** | Shane P. Fuselier vs. Arch Insurance Company (12998132) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | East Baton Rouge Parish District Court, LA |
| **Case/Reference No:** | C-718312 31 |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 09/27/2022 |
| **Answer or Appearance Due:** | 15 Days |
| **Originally Served On:** | Secretary of State in LA on 09/26/2022 |
| **How Served:** | Certified Mail |
| Sender Information: | Laborde Earles Law Firm, LLC.<br>337-261-2617 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# State of Louisiana
# Secretary of State

09/26/2022

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

ARCH INSURANCE COMPANY
C/O REGAN SHULMAN, VP & DEPUTY GENERAL COUNSEL
C/O CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA  70802-5921

Suit No.: 718312
19TH JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH

SHANE P. FUSELIER
vs
ARCH INSURANCE COMPANY, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on:  R. KYLE ARDOIN
Served by:  J. SHOWS

Date: 09/23/2022
Title:  DEPUTY SHERIFF

No: 1253264



TG

**SERVICE COPY**



**D9857426**

## SUPPLEMENTAL AND AMENDING CITATION

SHANE P. FUSELIER
(Plaintiff)
VS
ARCH INSURANCE COMPANY, ET AL
(Defendant)

NUMBER C-718312 "31"
19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

SERVED ON
R. KYLE ARDOIN

SEP 2 3 2022

SECRETARY OF STATE
COMMERCIAL DIVISION

TO:    ARCH INSURANCE COMPANY
       THROUGH ITS AGENT FOR SERVICE OF PROCESS:
       LOUISIANA SECRETARY OF STATE

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within **15 DAYS** of the date you were served with the petition.

If you fail to file an answer or other legal pleading, a judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.

This Citation was issued by the Clerk of Court for East Baton Rouge Parish, on **SEPTEMBER 20, 2022**.



*Deputy Clerk of Court for*

**Doug Welborn, Clerk of Court**

**Requesting Attorney:    DUFFEY, PATRICK**
*Also attached are the following documents:

**SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE    $_____
TOTAL:      $_____

_____
Deputy Sheriff

RECEIVED
East Baton Rouge Sheriff Office
SEP 2 2 2022

SUPPLEMENTAL AND AMENDING CITATION

EAST BATON ROUGE PARISH
Filed Sep 08, 2022 3:35 PM
Deputy Clerk of Court

C-718312
31

| | |
|---|---|
| SHANE P. FUSELIER | : 19TH JUDICIAL DISTRICT COURT |
| VERSUS | : DOCKET NO.: C-718312 "31" |
| ARCH INSURANCE COMPANY,<br>NESCO, LLC and<br>RILEY W SCHIMMELMAN | : EAST BATON ROUGE PARISH, LOUISIANA |

---

## UNOPPOSED MOTION AND ORDER FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

---

1.

NOW INTO COURT, through undersigned counsel, comes plaintiff, **SHANE P. FUSELIER,** who respectfully moves to supplement and amend the Petition for Damages to add **BBC ELECTRICAL SERVICES, INC,** as Defendants in this matter. Undersigned counsel has conferred with the attorneys for each party currently in the case who advise they have no objection to this amendment. As a result, Plaintiff prays accordingly.

*Respectfully Submitted:*

**LABORDE EARLES LAW FIRM, L.L.C.**

BY: _____
      **PATRICK DUFFEY, (Bar # 38962)**
      1901 Kaliste Saloom Road (70508)
      P.O. Box 80098
      Lafayette, Louisiana 70598-0098
      Phone (337) 261-2617
      Fax (337) 261-1934

## CERTIFICATE

I hereby certify that a copy of the aforementioned pleadings was served on all counsel of record via U.S. Mail, postage prepaid and properly addressed on this 2nd day of September, 2022, in Lafayette, Lafayette Parish, Louisiana.

_____
**PATRICK DUFFEY**

Page 1 of 9

Certified True and
Correct Copy
CertID: 2022092000107

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
9/20/2022 8:20 AM

SHANE P. FUSELIER                    : 19TH JUDICIAL DISTRICT COURT

VERSUS                               : DOCKET NO.: C-718312 "31"

ARCH INSURANCE COMPANY,              : EAST BATON ROUGE PARISH, LOUISIANA
NESCO, LLC and
RILEY W SCHIMMELMAN

_____

## ORDER

    **IT IS HEREBY ORDERED, DECREED, AND ADJUDGED** that the Plaintiff is hereby

granted leave of Court to file her First Supplemental and Amended Petition for Damages.

    **THUS DONE AND SIGNED** on this **19th** day of **September**, 2022, in Baton Rouge,

East Baton Rouge Parish, Louisiana.

                _Tiffany L. Foxworth-Roberts_
             JUDGE, 19TH JUDICIAL DISTRICT COURT
                 **Judge Tiffany Foxworth-Roberts**

**Certified True and Correct Copy**
CertID: 2022092000107

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/20/2022 8:20 AM

EAST BATON ROUGE PARISH
Filed Sep 08, 2022 3:35 PM
Deputy Clerk of Court

C-718312
31

| | |
|---|---|
| SHANE P. FUSELIER | : 19TH JUDICIAL DISTRICT COURT |
| VERSUS | : DOCKET NO.: C-718312 "31" |
| ARCH INSURANCE COMPANY, NESCO, LLC and RILEY W SCHIMMELMAN | : EAST BATON ROUGE PARISH, LOUISIANA |

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **SHANE P. FUSELIER**, who wishes to supplement and amend their original Petition for Damages as follows:

I.

To amend the caption of the case to read as follows:

| | |
|---|---|
| SHANE P. FUSELIER | : 19TH JUDICIAL DISTRICT COURT |
| VERSUS | : DOCKET NO.: C-718312 "31" |
| ARCH INSURANCE COMPANY, RILEY W SCHIMMELMAN, NESCO, LLC AND BBC ELECTRICAL SERVICESC, INC. | : EAST BATON ROUGE PARISH, LOUISIANA |

II.

Plaintiffs hereby amends Paragraph 1, of the Petition for Damages to read as follows:

1.

Made defendants herein are

1. **ARCH INSURANCE COMPANY**, a foreign insurance company licensed to do and/or doing business in the State of Louisiana who may be served through its agent for service of process Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809;

2. **NESCO, LLC**, a foreign Limited Liability Company licensed to do and/or doing business in the State of Louisiana who may be served through their agent for service of process CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816;

3. **RILEY W. SCHIMMELMAN**, a person of the full age of majority and resident of the County of Grand Forks, City of Grand Forks, State of North Dakota, who can be served through the Louisiana Long Arm Statute at 1823 2nd Avenue N, Grand Forks, North Dakota, 58203; and

4. **BBC ELECTRICAL SERVICES, INC.**, a foreign corporation authorized to do and doing business in the State of Louisiana having appointed as its registered agent for service of process National Registered Agents, Inc, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

Page 3 of 9

*Jere' Cooks*

Certified True and
Correct Copy
CertID: 2022092000108

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/20/2022 8:20 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

III.

Plaintiff hereby amends Paragraph 2 of the Petition for Damages, which shall state as follows:

2.

Defendant, **ARCH INSURANCE COMPANY, NESCO, LLC., RILEY W. SCHIMMELMAN and BBC ELECTRICAL SERVICES, INC.,** are liable unto plaintiff severally, jointly, and *in solido* for the full sum of the amount of damages reasonable in the premises to be proven at the trial on the merits, plus interest from the date of judicial demand until paid, and for all costs of these proceedings and for all general and equitable relief that plaintiff is entitled to for the following to-wit:

3.

On or about September 4, 2021, plaintiff, **SHANE P. FUSELIER,** was the owner of a 2015 Ford F 350 (erroneously described in Uniform Motor Vehicle Traffic Crash Report number 21-0809082 as a Ford "F 150"), hereinafter referred to as **"FUSELIER Vehicle."** The **"FUSELIER Vehicle"** was pulling a 2006 MCLA Flatbed Trailer hauling an off-road 4X4 vehicle while traveling eastbound on Interstate 10, in East Baton Rouge Parish, Louisiana.

IV.

Plaintiff hereby amends Paragraph 4 of the Petition for Damages, which shall state as follows:

4.

At or about that same time, **RILEY W. SCHIMMELMAN** was the permitted operator of a 2015 Ford Truck owned by **NESCO, LLC,** and/or **BBC ELECTRICAL SERVICES, INC.,** hereinafter referred to as the **"NESCO and/or BBC ELECTRICAL Vehicle",** also traveling eastbound on Interstate 10, in East Baton Rouge Parish, Louisiana.

V.

Plaintiff hereby amends Paragraph 5 of the Petition for Damages, which shall state as follows:

5.

Traffic on Interstate 10 East slowed down and the **NESCO Vehicle** and/or **BBC ELECTRICAL SERVICES, INC.,** rear-ended the trailer of the **FUSILIER Vehicle.**

Page 4 of 9


Certified True and
Correct Copy
CertID: 2022092000108

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/20/2022 8:20 AM

6.

A legal cause of the collision sued on herein was the negligence of defendant, **RILEY W. SCHIMMELMAN,** which negligence consisted more particularly of the following:

a)      Following too closely, in violation of La. R.S. 32:81;

b)      Failure to be attentive and/or observe surrounding traffic;

c)      Driving vehicle in an unsafe, reckless and dangerous manner;

d)      Failure to yield;

e)      Failure to keep vehicle under proper control;

f)      Failure to see what should have been seen; and

g)      Failure to stop.

VI.

Plaintiff hereby amends Paragraph 7 of the Petition for Damages, which shall state as follows:

7.

A legal cause of the collision sued on herein was the negligence of defendant, **NESCO, LLC,** and/or **BBC ELECTRICAL SERVICES, INC** of which negligence consisted more particularly of the following:

a)  Negligently entrusting their vehicle to an unskilled driver;

b)  Failure to supervise those operating their vehicle; and

c)  Negligent hiring, training and/or supervision.

VII.

Plaintiff hereby amends Paragraph 8 of the Petition for Damages, which shall state as follows:

8.

On or about September 4, 2021, at the time of the accident sued upon herein, plaintiff alleges upon information and belief that there was in full force and effect, one or more policies of public motor vehicle liability insurance issued by **ARCH INSURANCE COMPANY** to and/or in favor of **NESCO, LLC** and/or **RILEY W. SCHIMMELMAN** which policy(s) afford(s) coverage for the liability of the nature asserted herein, and which insurance inures to the benefit of plaintiff under the provisions of the Louisiana Direct Action Statute, La. R.S. 22:1269, thereby entitling plaintiff to

Page 5 of 9

**Certified True and Correct Copy**
CertID: 2022092000108

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/20/2022 8:20 AM

maintain this direct action against said defendant insurer and thereby rendering said defendant insurer liable *in solido*, with defendants, **NESCO, LLC.**, and/or **BBC ELECTRICAL SERVICES, INC.**, and/or **RILEY W. SCHIMMELMAN**, for damages as sued for herein.

9.

The collision of September 4, 2021, is inexplicable without resort to the presumption of negligence and the applicability of the doctrine of *res ipsa loquitur* in view of the fact that the vehicle being operated by **RILEY W. SCHIMMELMAN**, struck the vehicle driven by **SHANE P. FUSELIER**, and therefore failed to obey the traffic ordinances of the State of Louisiana, which presumptions and doctrine are specifically invoked by plaintiff herein.

VIII.

Plaintiff hereby amends Paragraph 10 of the Petition for Damages, which shall state as follows:

10.

Upon information and belief, it is alleged that at the time of the accident, **RILEY W. SCHIMMELMAN**, was acting in the course and scope of his employment with his employer, **NESCO, LLC.**, and/or **BBC ELECTRICAL SERVICES, INC.**, Accordingly, under the doctrine of *respondeat superior*, **RILEY W. SCHIMMELMAN's** employer, **NESCO, LLC**, and/or **BBC ELECTRICAL SERVICES, INC.**, are vicariously liable for the negligent acts of **RILEY W. SCHIMMELMAN**. Said doctrine is specifically invoked by Plaintiff herein.

11.

As a result of the collision on September 4, 2021, sued herein, plaintiff **SHANE P. FUSELIER**, suffered damages including:

    a)    Injuries to the neck and shoulders;

    b)    Injuries to the back;

    c)    Injuries to **SHANE P. FUSELIER's** arm(s), leg(s) and extremities; and

    d)    Sprained and strained muscles, tendons and ligaments of the body.

12.

Accordingly, PLAINTIFF itemizes recoverable damages as follows:

    a)    Physical pain and suffering past, present and future;

    b)    Mental pain, anguish and distress past, present and future;

*Jeri' Cooks*

Certified True and
Correct Copy
CertID: 2022092000108

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/20/2022 8:20 AM

c)   Loss of enjoyment of life past, present and future;

d)   Loss of consortium, household services and society;

e)   Impairment;

f)   Loss of income past, present and future;

g)   Loss of earning capacity;

h)   Permanent disfigurement;

i)   Medical expenses past, present and future;

j)   Property Damage to the 2015 Ford F-350;

k)   Property Damage to the off-road 4X4 vehicle;

l)   Rental expenses;

m)  Diminution of value of the 2015 Ford  F-350, and

n)   Loss of use of the 2015 Ford F-350.

13.

FURTHER, despite submission of satisfactory proof of loss, **ARCH INSURANCE COMPANY,** has arbitrarily, capriciously, and in bath faith, failed to properly evaluate and tender sums to Plaintiff for property damages, which could not reasonably be in dispute.  Specifically, **ARCH INSURANCE COMPANY** had information in its possession that showed that the sole cause of the accident was the actions of **RILEY W. SCHIMMELMAN.  ARCH INSURANCE COMPANY** also possessed the estimate for the repair of the **FUSELIER Vehicle.** Despite possession of said information, **ARCH INSURANCE COMPANY** has not, as of the date of the filing of this Petition, paid reasonable expenses for the repair of the **FUSELIER Vehicle** or the loss of use expenses incurred while the **FUSELIER Vehicle** has been out of service.

14.

Accordingly, in addition to general, special, and exemplary damages as previously pled for, **ARCH INSURANCE COMPANY,** is liable unto Plaintiff for bad faith damages in accordance with LSA-R.S. 22:1973 and LSA-R.S. 22:1892, including any and all damages available thereunder.

15.

Plaintiff alleges that defendant, **ARCH INSURANCE COMPANY,** has had due proof of damages and ample notice of the full extent of damages sustained by Plaintiff, **SHANE P. FUSELIER,** therefore entitling Plaintiff to judgment in his favor and against defendant, **ARCH INSURANCE COMPANY,** in its capacity as  liability automobile carrier for all damages incurred

Page 7 of 9


**Certified True and
Correct Copy**
CertID: 2022092000108

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/20/2022 8:20 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

as a result of the above referenced September 4, 2021 accident; for all penalties and attorney fees allowed by Louisiana law for bad faith and/or arbitrary and capricious handling of a claim; and for legal interest from date of judicial demand and all costs of these proceedings.

16.

Petitioner's cause of action exceeds the jury threshold of $10,000.00, exclusive of interest and cost.

IX.

Plaintiff re-avers and re-alleges all other claims, causes of action and contentions previously plead as if copied herein *in extenso*.

X.

Plaintiff hereby amends the Prayer of the Petition for Damages, which shall read as follows:

**WHEREFORE**, Plaintiff prays that Defendant be duly served with a copy of the Petition for Damages, and after all legal delays and due proceedings had there be Judgment in favor of **SHANE P. FUSELIER** and against Defendants, **ARCH INSURANCE COMPANY, NESCO, LLC., BBC ELECTRICAL SERVICES, INC.,** and **RILEY W. SCHIMMELMAN,** jointly, severely, and in solido for compensatory damages and special damages in an amount that will adequately satisfy the demands of justice, together will legal interest thereon from the date of judicial demand until paid. And for all costs of these proceedings and for any other relief to which Plaintiff is entitled under law and evidence.

Respectfully Submitted:

**LABORDE EARLES LAW FIRM, LLC.**

**PATRICK DUFFEY, (Bar # 38962)**
*Email: service@onmyside.com*
**NICHOLAS R. ROCKFORTE, (Bar# 31305)**
**SCOTT F. HIGGINS, (Bar# 26924)**
**MARY K. CRYAR (Bar#24062)**
**WESLEY K. ELMER, Bar# 23724**
**WILL MONTZ, (Bar#29355)**
1901 Kaliste Saloom Road (70508)
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone: (337) 261-2617
Fax: (337) 261-1934
Attorneys for Plaintiff, **Shane P. Fuselier**
*** For all non-service-related emails/correspondence please use the following e-mail address:** pduffey@onmyside.com

Page 8 of 9



Certified True and Correct Copy
CertID: 2022092000108

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/20/2022 8:20 AM

## PLEASE SERVE WITH SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES:

**BBC ELECTRICAL SERVICES, INC.,**
Who may be served through it's registered agent
National Registered Agents, Inc,
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816.

**NESCO, LLC**
through their agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**RILEY W. SCHIMMELMAN**
*through the Louisiana Long Arm Statute*
1823 2nd Avenue N
Grand Forks, North Dakota 58203

**ARCH INSURANCE COMPANY,**
through its agent for service of process:
Louisiana Secretary of State
8585 Archives Ave
Baton Rouge, Louisiana 70809

Page 9 of 9




**Certified True and Correct Copy**
CertID: 2022092000108

East Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
9/20/2022 8:20 AM

R. KYLE ARDOIN
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125

US POSTAGE™PITNEY BOWES

FIRST CLASS

ZIP 70802  $ 006.16⁰
02 4W
0000382748 SEP 26 2022



7022 2410 0000 7118 5512

SS151-A

**RETURN COPY**



**D9857459**

## SUPPLEMENTAL AND AMENDING CITATION

SHANE P. FUSELIER
(Plaintiff)
VS
ARCH INSURANCE COMPANY, ET AL
(Defendant)

**NUMBER C-718312 "31"**
**19TH JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**

I made service on the named party through the

CT Corporation

**SEP 2 2 2022**

by tendering a copy of this document to

Ashley Minvielle

_DY. M. LOCKWOOD #0803_
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

TO:     TO:     NESCO, LLC
        THROUGH THEIR AGENT FOR SERVICE OF PROCESS:
        CT CORPORATION SYSTEM
        3867 PLAZA TOWER DRIVE
        BATON ROUGE, LA 70816

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party. Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within **15 DAYS** of the date you were served with the petition.

If you fail to file an answer or other legal pleading, a judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.

This Citation was issued by the Clerk of Court for East Baton Rouge Parish, on **SEPTEMBER 20, 2022**.



_Jere' Cooks_

*Deputy Clerk of Court for*

**Doug Welborn, Clerk of Court**

**Requesting Attorney:   DUFFEY, PATRICK**
*Also attached are the following documents:

SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:   $_____
MILEAGE  $_____          _____
TOTAL:    $_____                    Deputy Sheriff

**SUPPLEMENTAL AND AMENDING CITATION**

East Baton Rouge Sheriff Office
RECEIVED
SEP 21 2022

Case 3:22-cv-00724-BAJ-EWD    Document 1-1    10/07/22    Page 64 of 66

**Suit Details**

| | |
|---|---|
| **Entity Name:** | ARCH INSURANCE COMPANY |
| **Contact:** | C/O REGAN SHULMAN, VP & DEPUTY GENERAL COUNSEL |
| **Address:** | C/O CORPORATION SERVICE COMPANY |
| | 501 LOUISIANA AVENUE |
| **City, State, Zip:** | BATON ROUGE , LA  708025921 |

**Status Details**

| | |
|---|---|
| **Suit Number:** | 718312 |
| **Suit Status:** | Complete |
| **Date Received:** | 9/23/2022 |
| **Date Mailed:** | 9/26/2022 |
| **Certified Mail Receipt:** | 70222410000071185512 |

**Court Details**

| | |
|---|---|
| **Court Name:** | 19TH JUDICIAL DISTRICT COURT |
| **Court Location:** | EAST BATON ROUGE PARISH |
| **Plaintiff:** | SHANE P. FUSELIER |
| **Defendant:** | ARCH INSURANCE COMPANY, ET AL |

[Print] [Back to Search Results] [New Search]

**RETURN COPY**



**D9857442**

## SUPPLEMENTAL AND AMENDING CITATION

SHANE P. FUSELIER
(Plaintiff)
VS
ARCH INSURANCE COMPANY, ET AL
(Defendant)

NUMBER C-718312 "31"
19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
I made service on the named party through the

CT Corporation

SEP 2 2 2022

by tendering a copy of this document to

Ashley Minvielle

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

TO:    BBC ELECTRICAL SERVICES INC
       THROUGH ITS REGISTERED AGENT:
       NATIONAL REGISTERED AGENTS, INC,
       3867 PLAZA TOWER DRIVE
       BATON ROUGE, LA 70816

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party. Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within **15 DAYS** of the date you were served with the petition.

If you fail to file an answer or other legal pleading, a judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.

This Citation was issued by the Clerk of Court for East Baton Rouge Parish, on **SEPTEMBER 20, 2022**.



*Deputy Clerk of Court for*

**Doug Welborn, Clerk of Court**

**Requesting Attorney:    DUFFEY, PATRICK**
*Also attached are the following documents:

SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE    $_____                    _____
TOTAL:      $_____                              Deputy Sheriff

SUPPLEMENTAL AND AMENDING CITATION

RECEIVED
East Baton Rouge Sheriff Office

SEP 2 1 2022